IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CEDARVIEW MART, LLC, Individually
and on Behalf of All Others Similarly Situated                                                      PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:20-cv-107-NBB-RP

STATE AUTO PROPERTY
AND CASUALTY COMPANY                                                                                DEFENDANT

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This cause comes before the court upon the defendant State Auto Property and Casualty Company's Motion to Dismiss Plaintiff's Class Action Complaint. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Cedarview Mart, LLC, ("Cedarview") is a limited liability company incorporated under the laws of the State of Mississippi, with its principal place of business in Olive Branch, Mississippi. Cedarview owns the property and structures doing business as Cedar View Food Mart, located in Olive Branch. Cedarview was insured by the defendant State Auto Property and Casualty Company ("State Auto") against direct physical loss to the building and other structures located on the property of Cedar View Food Mart. On January 10, 2020, Cedar View Food Mart suffered a direct physical loss caused by covered named perils, and Cedarview subsequently filed a claim pursuant to its State Auto policy. State Auto acknowledged coverage for the claim and made an "actual cash value" ("ACV") payment under the policy.

Cedarview alleges that State Auto improperly calculated its ACV payment obligation to Cedarview by first estimating the cost to repair and replace the damaged property with new materials (replacement cost value or "RCV") and then subtracting depreciation that

impermissibly included the labor required to repair or replace the property. Cedarview therefore alleges that State Auto paid less than Cedarview was entitled to receive under the terms of the policy.

On April 2, 2020, Cedarview filed its class action complaint in this court asserting claims for breach of contract and declaratory judgment for itself and on behalf of a class of similarly situated State Auto policyholders in Mississippi, Tennessee, Kentucky, and Ohio. Cedarview asserts that this court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and personal jurisdiction over State Auto because State Auto has availed itself of the privilege of conducting business and issuing insurance contracts covering properties in the State of Mississippi.

State Auto subsequently filed this motion to dismiss arguing that Cedarview lacks Article III standing to bring claims under the laws of any state other than Mississippi; that this court lacks specific jurisdiction over State Auto for putative class claims outside of Mississippi; that the complaint lacks factual allegations that State Auto breached its payment obligations under the policy; and that declaratory relief is inappropriate under the facts of this case. State Auto filed their motion pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and 12(h)(3).

Standards of Review

**Rule 12(b)(1) and 12(h)(3)**

A motion filed pursuant to Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court to hear the case. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). In determining whether subject matter jurisdiction is lacking, the court may look to the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proof for a Rule 12(b)(1) motion to dismiss lies with the plaintiff as the party asserting jurisdiction. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When a defendant files a Rule 12(b)(1) motion in conjunction with other motions under Rule 12, as here, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Rule 12(h)(3) authorizes the court to make its own determination as to whether subject matter jurisdiction exists. Fed. R. Civ. P. 12(h)(3). "The question of subject matter jurisdiction can never be waived. Nor can jurisdiction be conferred by conduct or consent of the parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). The rule provides, "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court is therefore charged with "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos*, 762 F.2d at 1297.

**Rule 12(b)(2)**

Rule 12(b)(2) authorizes the court to dismiss an action for lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). "To survive a motion to dismiss, in the absence of jurisdictional discovery, or an evidentiary hearing, a plaintiff need only make a prima facie

3

showing of jurisdiction." *Target Training Inter., Ltd. v. Extended Disc Inter. Oy, Ltd.*, No. 4:11-cv-02531, 2015 WL 12777224, at *3 (S.D. Tex. Mar. 4, 2015) (citing *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012)). "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

**Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Id.*

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand,* 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level or if it is apparent from the face of the complaint

4

that there is an insuperable bar to relief, the claim must be dismissed.  *Twombly,* 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

Analysis

State Auto argues that a putative class representative lacks Article III standing to bring claims under the laws of states in which it does not reside or was not injured.  State Auto's position, however, is not an accurate statement of the law on this matter.  "[A]s long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is improper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3) … not a question of 'adjudicatory competence' under Article III."  *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 96 (2d Cir. 2018).  "Class actions under Rule 23 of the Federal Rules of Civil Procedure are an exception to the general rule that one person cannot litigate injuries on behalf of another."  *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011)).  "Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense."  *Broquet v. Microsoft Corp.*, No. 08-094, 2008 WL 2965074, at *2 (S.D. Tex. July 30, 2008).

It is uncontested that Cedarview has standing as a named plaintiff to bring its claims against State Auto in Mississippi.  State Auto's motion to dismiss for lack of subject matter jurisdiction should be denied.

The court also notes that Cedarview has already shown significant similarities among the relevant laws of Mississippi, Tennessee, Ohio, and Kentucky on the issue of actual cash value

and labor depreciation, but the court will allow the parties further briefing on this matter at the class certification stage of this litigation.

In further support of dismissal, State Auto urges this court to extend the United States Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), to class actions and the present case, arguing that the claims of any putative non-Mississippi plaintiffs must be dismissed unless each plaintiff can establish jurisdiction as to each defendant. *Bristol-Myers* was a mass tort action involving 600 named plaintiffs who sued the defendant in California state court for injuries allegedly caused by a drug the company manufactured. *Id.* at 1777. The majority of these plaintiffs were not California residents. *Id.* While Bristol-Myers Squibb sold the drug in California, it did not create, manufacture, label, or package the drug there. *Id.* The Court noted that the non-California resident plaintiffs were not prescribed the drug in California and did not obtain or ingest it in California. *Id.* The Court held that "a defendant's general connections with the forum are not enough." *Id.* at 1781. "[A] connection between the forum and the specific claims at issue" is required. *Id.* Thus, the Court held that due process did not permit exercise of specific personal jurisdiction in California over nonresident claims. *Id.* at 1783.

The Court specifically noted that its decision "concerns the due process limits of the exercise of specific jurisdiction by a state," and that it was not addressing "the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1783-84. Justice Sotomayor reiterated this point in her dissent, stating, "The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum state seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id.* at 1789 n.4 (Sotomayor, J., dissenting).

The Fifth Circuit has yet to address the impact of *Bristol-Myers* on federal class action or collective action litigation. *Garcia v. Peterson*, 319 F. Supp. 3d 863, 879 (S.D. Tex. 2018). However, a "significant supermajority of cases – fifty out of the sixty-four rulings on the issue from June 2017 through September 2019,[1] and four out of every five judges – have rejected the argument that *Bristol-Myers Squibb* constrains courts' jurisdiction over defendants with respect to unnamed class members." Daniel Wilf-Townsend, *Did Bristol-Myers Squibb Kill the Nationwide Class Action?*, THE YALE L.J. FORUM 205, 213 (Nov. 19, 2019). "The prevailing view among district courts is that *Bristol-Myers* does not affect a federal district court's ability to wield specific jurisdiction over a nonresident defendant as to nationwide class action claims as long as the federal district court has specific jurisdiction over defendant as to the named plaintiff's claim." *Murphy*, 2020 WL 2079188, at *15 n.9.

Though it has yet to address the applicability of *Bristol-Myers* to federal class actions, the Fifth Circuit has held that it is premature for a defendant to seek dismissal of nonresident putative class members prior to class certification. *Cruson v. Jackson Life Ins. Co.*, 954 F.3d 240, 250-51 (5th Cir. 2020). "What brings putative class members before the court is certification: 'Certification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power.'" *Id.* (quoting *In re Checking Account Overdraft Litigation*, 780 F.3d 1031, 1037 (11th Cir. 2015)).

The district courts within this circuit to decide the class action jurisdictional issue post-*Bristol-Myers* have uniformly held that multistate or nationwide class actions are permissible so long as the court has specific jurisdiction over a nonresident defendant as to the named plaintiff's

---

[1] Subsequent decisions are largely in accord. *See, e.g.*, *Waters v. Day & Zimmerman NPS, Inc.*, 2020 WL 2924031, at *3 (D. Mass. June 2, 2020) ("Joining with the majority of district courts to have considered the issue, this court has determined that [*Bristol-Myers*] does not apply to Rule 23 class actions."); *Murphy v. Aaron's, Inc.*, 2020 WL 2079188, at * 12 (D. Colo. Apr. 30, 2020) (holding *Bristol-Myers* does not apply in nationwide class actions).

7

claim and Rule 23 class certification requirements are satisfied, thereby declining to extend *Bristol-Myers* to federal class actions. *See Richmond v. Nat'l Gypsum Servs. Co.*, No. 18-7453, 2018 WL 5016221, at *4-5 (E.D. La. Oct. 16, 2018) ("*Bristol-Myers* should not be read to bar the exercise of jurisdiction over nonresident plaintiffs' claims in a class action."); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, No. 17-2161, 2018 WL 1377608, at *4-5 (E.D. La. Mar. 19, 2018) ("The court finds that the material differences between mass tort actions and class actions further support the finding that *Bristol-Myers* is inapplicable" to putative Rule 23 class actions); *In re Chinese-Manufactured Drywall Prods. Liability Litigation*, MDL No. 09-2047, 2017 WL 5971622, at *21 (E.D. La. Nov. 30, 2017) (noting that class actions have different due process safeguards than mass tort claims and asserting that "[s]ince [*Bristol-Myers*] is not a change in controlling due process law, [it] does not apply to federal class actions"); *see also Garcia v. Peterson*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018) (refusing to extend *Bristol-Myers* to FLSA collective action).

"Unlike *Bristol-Myers*, which involved a mass tort action where each plaintiff was a named plaintiff, in a putative class action, the plaintiff seeking to represent the class is the only plaintiff named in the complaint, and his claims – not the unnamed nonresident members – are relevant to the personal jurisdiction inquiry." *Casso's*, 2018 WL 1377608, at *5 ("the court does not construe *Bristol-Myers* as barring its exercise of jurisdiction over the purported nonresident plaintiffs' claims in the instant putative class action"); *see also Richmond*, 2018 WL 5016221, at *4 ("Because the claims of the *named* plaintiff 'are relevant to the personal jurisdiction inquiry' in a class action, the [cited] court properly exercised specific jurisdiction over [plaintiff's] claims, as well as those of the non-resident class members he represented.") (emphasis in original); *Garcia*, 319 F. Supp. 3d at 880 ("declin[ing] to extend the *Bristol-Myers*' requirement

8

to analyze personal jurisdiction with regards to each individual plaintiff to the FLSA collective action jurisdictional analysis," citing "the extra protection provided in certifying a class under either Rule 23 or the FLSA").

Consistent with the vast majority of courts to address the issue, this court likewise declines to extend *Bristol-Myers* to apply in a federal class action context. State Auto's motion in this regard is without merit and should be denied.

State Auto also asserts that Cedarview's breach of contract claim should be dismissed because the complaint lacks allegations to support the claim. Specifically, State Auto argues that Cedarview has failed to allege facts showing that the total amount State Auto paid for its loss, regardless of how it was calculated, was insufficient. An examination of the complaint, however, shows it is replete with allegations to support Cedarview's claim. State Auto's argument about the sufficiency of the payment misses the mark. The question before the court is not whether the payment was sufficient but whether State Auto breached the contract. The sufficiency argument has been repeatedly rejected by the courts addressing the issue, including the courts within this district. *See Mitchell v. State Farm Fire & Cas. Co.*, 327 F.R.D. 552, (N.D. Miss. 2018) (finding that "the issue here is not whether actual cash value payments paid by State Farm were reasonable or sufficient, but rather whether State Farm was entitled to deduct labor depreciation from its insureds in the first place."). The Fifth Circuit affirmed this holding, stating, "Here, we are addressing the claim that State Farm breached its contracts by depreciating labor costs. The calculation of damages relating to this claim is properly constrained to the amount of labor depreciation withheld from each class member's ACV payment." *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 711-12 (5th Cir. 2020) (acknowledging that "any

9

overestimation by State Farm should not be a factor in determining damages"). The court finds no merit to State Auto's argument, and its motion should be denied.

Finally, State Auto argues that Cedarview's claim for declaratory relief should be dismissed because it is duplicative of its breach of contract claim and because Cedarview primarily seeks monetary damages. "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. P. 57. Here, Cedarview seeks money damages for State Auto's unlawful depreciation of labor. The declaratory relief it seeks, however, is broader. The complaint seeks a declaration from the court prohibiting State Auto "from engaging in each of the policies, practices, customs, and usages complained of herein" and an order declaring that State Auto's withholding of labor costs as depreciation is contrary to the insurance policy issued to Cedarview and members of the putative class.

Courts within the Fifth Circuit have recognized this distinction. *See, e.g.*, *5436, LLC v. CBS Corp.*, 2009 WL 3378379, at *16-17 (S.D. Tex. Oct. 16, 2009) (declaratory judgment claim not duplicative of breach of contract claim where "declaratory relief … seeks to define the ongoing and future duties of the parties under the governing contract"); *Trammell Crow Residential Co. v. Virginia Surety Co., Inc.*, 643 F. Supp. 2d 844, 856 n.15 (N.D. Tex. 2008) (declaratory judgment claim not duplicative of breach of contract claim, where contract claim involved past breach of duty to defend in litigation, and plaintiff sought judgment that insurer had continuing duty to defend in same, ongoing litigation).

The court finds that State Auto's motion to dismiss Cedarview's declaratory judgment claim should be denied at this time. If the claim for declaratory relief is ultimately determined to

overlap significantly with Cedarview's other requests for relief, the court may reexamine the issue at that time if the matter is re-urged by the defendant.

## Conclusion

For the foregoing reasons, the court finds that State Auto's motion to dismiss is not well taken, and that it should be, and the same is, hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this 30th day of March, 2021.

/s/ Neal Biggers
NEAL B. BIGGER, JR.
UNITED STATES DISTRICT JUDGE