# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CEDARVIEW MART, LLC**, individually
and on behalf of all others similarly situated,

        Plaintiff,

    v.

        Case No. 3:20-CV-00107-NBB-RP

**STATE AUTO PROPERTY AND
CASUALTY COMPANY,**

        Defendant.

___

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND SCHEDULING A FINAL APPROVAL HEARING**
___

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiff Cedarview Mart, LLC, on behalf of itself and the proposed Settlement Class ("Plaintiff"), respectfully moves for an order certifying settlement classes solely for purposes of preliminarily approving a settlement agreement, and further ordering preliminary approval in accordance with the terms and conditions set forth in the proposed Preliminary Approval Order, attached as Exhibit A to the Settlement Agreement filed concurrently herewith. Defendant State Auto Property and Casualty Company ("Defendant") will not oppose this motion for approval of a settlement.[1] For purposes of preliminarily approving the Settlement Agreement only, Plaintiff seeks certification of Settlement Classes defined as follows:

> "Mississippi Settlement Class" means all policyholders, (except for those explicitly excluded below), under any property insurance policy issued by State Auto, who

---

[1] As Paragraphs 1.13 and 15.1 of the Settlement make clear, however, Defendant denies liability and absent settlement intends to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

made: (i) a Structural Loss claim for property located in the State of Mississippi between April 2, 2017 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Illinois, Kentucky, Ohio, and Tennessee Settlement Class" means all policyholders, (except for those explicitly excluded below), under: (A) any property insurance policy with a one-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2019 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible; or (B) any property insurance policy with a two-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2018 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Settlement Class does not include: (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, i.e., by express use of the words "depreciation" and "labor;" (ii) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without an ACV Payment; (iv) policyholders where no Xactimate estimate was generated by State Auto; (v) State Auto and its officers and directors; (vi) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (vii) Class Counsel and their immediate families.

Also, for purposes of preliminarily approving the Settlement Agreement, Plaintiff further requests that it be appointed as class representative, and that the undersigned counsel be appointed as counsel for the class. In support of their motion, Plaintiff states and shows as follows:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the

context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for preliminary approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement classes because the parties' counsel estimate that notice will be issued for approximately 22,200 claims at issue or potentially at issue, and multiple class members (*e.g*., spouses) can share a single claim.

3. Commonality under Rule 23(a)(2) is satisfied for the proposed settlement class because there are questions of law or fact common to all members of the proposed classes including but not limited to the single, predominating question presented—whether State Auto can withhold labor as depreciation under its insurance policies for structural insurance claims. Plaintiff's and the putative class members' entitlement to prejudgment interest also presents a common issue.

4. Typicality under Rule 23(a)(3) is satisfied for the proposed settlement class because Plaintiff and the putative class members made claims under their standard-form insurance policy, and Defendant withheld labor or other non-materials in making an actual cash value payment to them. The proposed class representative's claims arose from the underpayment of its actual cash value claims, and its claims are identical in all material respects to the claims of the putative class.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiff has fairly and adequately represented and protected the interests of the putative class. Plaintiff has no interest that conflict with those of the proposed class. Further, Plaintiff retained experienced counsel competent and experienced in class action and insurance litigation.

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under State Auto's policies. Superiority is satisfied for the settlement class because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7. Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving party demonstrates that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

8. Pursuant to Rule 23(e)(3), Plaintiff states that the only agreement at issue is the Class Action Stipulation and Settlement Agreement attached hereto as **Exhibit 1**.

9. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Fifth Circuit. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n.11 (5th Cir. 2012); *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

10. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for preliminary approval. In summary, the Settlement provides the following relief:

> **Mississippi, Kentucky, Ohio and Tennessee Settlement Class Members With Still Withheld Nonmaterial Depreciation**: Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, members of the Mississippi Settlement Class, Kentucky Settlement Class, Ohio Settlement Class and Tennessee Settlement

Class from whom Nonmaterial Depreciation was withheld and not subsequently recovered, and who submit a timely filed Claim Form, will receive a payment equal to 105% of the net estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

**Kentucky, Mississippi, Ohio and Tennessee Settlement Class Members Without Still Withheld Nonmaterial Depreciation**: Mississippi, Kentucky, Ohio and Tennessee Class Members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid (*i.e.*, through receipt of replacement cost benefits) will receive a one-time payment calculated according to the below schedule:

| Amount of nonmaterial released depreciation: | Settlement Payment: |
|---|---|
| $1 - $5,000 | $25 |
| $5,001 - $10,000 | $50 |
| $10,001 - $20,000 | $100 |
| $20,001 - $40,000 | $200 |
| $40,001 - $60,000 | $300 |
| $60,001 - $80,000 | $400 |
| Greater than $80,000 | $500 |

**Illinois Settlement Class Members**: For members of the Illinois Settlement Class, State Auto will pay 80% of the amounts set forth above.

11. The proposed settlement classes do not include any policyholder that is ineligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit (*i.e.*, the systemic practice of withholding of nonmaterial depreciation) and without giving up any claims or arguments unrelated to the subject matter of this lawsuit. All unrelated matters will continue to be adjusted and handled by State Auto in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Plaintiff's Counsel in the accompanying Declarations, attached hereto as follows:

**Exhibit 2** – March 4, 2022 Declaration of J. Brandon McWherter

**Exhibit 3** – March 4, 2022 Declaration of Erik D. Peterson

**Exhibit 4** – March 4, 2022 Declaration of T. Joseph Snodgrass

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and accompany Declarations of Plaintiff's Counsel, Plaintiff respectfully moves for an order consistent with the proposed preliminary approval order attached as Exhibit A to the Class Action Stipulation of Settlement, filed concurrently herewith.

Dated: March 4, 2022

Respectfully submitted,

McWHERTER SCOTT BOBBITT, PLC

*/s/J. Brandon McWherter*
J. Brandon McWherter (MS Bar #105244)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Tel: (615) 354-1144
Fax: (731) 664-1540
brandon@msb.law

Erik D. Peterson
ERIK PETERSON LAW OFFICES, PSC
249 E. Main St., Suite 150
Lexington, KY 40507
Tel: (800) 614-1957
erik@eplo.law

T. Joseph Snodgrass
SNODGRASS LAW LLC
Fifth Street Towers
100 South Fifth Street, Suite 800
Minneapolis, MN 55402
Tel: (612) 448-2600
jsnodgrass@snodgrass-law.com

*Attorneys for Plaintiff and Putative Class*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on March 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the Court's Case Management Electronic Case Files (CM/ECF) system, which served a copy to all counsel of record.

      */s/J. Brandon McWherter*