# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CEDARVIEW MART, LLC**, individually and
on behalf all others similarly situated,

        Plaintiff,

                                   Case No. 3:20-cv-00107-NBB-RP

        v.                            Hon. Neal B. Biggers

**STATE AUTO PROPERTY
AND CASUALTY COMPANY**,

        Defendant.

**CLASS ACTION STIPULATION OF SETTLEMENT**

# TABLE OF CONTENTS

1. RECITALS .......................................................................................................... 1

2. DEFINITIONS .................................................................................................... 4

3. CONDITIONS .................................................................................................... 11

4. RELIEF FOR THE CLASS ................................................................................ 13

5. NOTICE ............................................................................................................. 15

6. SUBMISSION OF CLAIM FORMS .................................................................. 18

7. CLAIMS ADMINISTRATION AND PAYMENTS ............................................ 19

8. COVENANTS, REPRESENTATIONS AND WARRANTIES ............................ 24

9. RELEASES ......................................................................................................... 25

10. REQUESTS FOR EXCLUSION ...................................................................... 28

11. OBJECTIONS ................................................................................................... 29

12. FINAL JUDGMENT ........................................................................................ 30

13. ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD ....................... 33

14. TERMINATION RIGHTS ................................................................................ 35

15. DENIAL OF LIABILITY ................................................................................. 37

16. CONFIDENTIALITY AGREEMENT .............................................................. 37

17. COMMUNICATIONS ...................................................................................... 39

18. PLAINTIFF'S INDIVIDUAL CLAIM ............................................................ 39

19. MISCELLANEOUS ......................................................................................... 40

DocuSign Envelope ID: 70131532-93DE-4C9A-AF8D-044089EABDBF

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**CEDARVIEW MART, LLC**, individually and
on behalf all others similarly situated,

        Plaintiff,

        v.

**STATE AUTO PROPERTY
AND CASUALTY COMPANY**,

        Defendant.

Case No. 3:20-cv-00107-NBB-RP
Hon. Neal B. Biggers

## CLASS ACTION STIPULATION OF SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff Cedarview Mart, LLC ("Plaintiff"), individually and on behalf of the Settlement Class as defined herein, and State Auto Property and Casualty Company ("Defendant") that, in consideration of the promises and covenants set forth in this Stipulation of Settlement Agreement ("Agreement") and upon entry by the Court of an order of Final Judgment in the lawsuit captioned *Cedarview Mart, LLC v. State Auto Property and Casualty Company*, No. 3:20-cv-00107-NBB-RP ("Action"), the matters raised by Plaintiff against Defendant are settled, compromised, and dismissed on the merits and with prejudice according to the terms and conditions set forth in this Agreement.

## 1. RECITALS

1.1 On April 2, 2020, Plaintiff filed a putative class action alleging that Defendant improperly deducted Nonmaterial Depreciation from actual cash value payments when adjusting claims for structural losses under property insurance policies (the "Complaint"). Plaintiff alleged

DocuSign Envelope ID: 70131532-93DE-4C9A-AE8D-040089EABDBE

individual and class claims, on behalf of Defendant's insureds with Structural Loss claims in Mississippi, Tennessee, Kentucky, and Ohio for breach of contract and declaratory judgment.

1.2     On June 8, 2020, Defendant moved to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and moved to strike the Tennessee, Kentucky, and Ohio class allegations under Rules 23(d)(1)(D) and 12(f).

1.3     Also on June 8, 2020, the Court entered an Order staying the attorney conference and disclosure requirements and all discovery until a ruling on Defendant's motion to dismiss.

1.4     On March 30, 2021, the Court denied Defendant's motion to dismiss and motion to strike, and lifted the stay of proceedings.

1.5     On April 13, 2021, Defendant filed its Answer and Affirmative Defenses to the Complaint.

1.6     In May 2021, Defendant began producing extensive electronic claims data regarding potential putative class members.

1.7     In August 2021, the Parties reached agreement in principle on the consideration for class members and some other settlement terms.

1.8     On November 9, 2021, the Parties jointly moved for a stay pending settlement negotiations, and the stay was granted on November 12, 2021.

1.9     On January 11, 2022, the Parties reached agreement regarding attorneys' fees and litigation costs.

1.10     Thereafter, in February 2022, the Parties reached agreement on Plaintiff's service award for serving as the representative of the Settlement Class and the amount to be paid to Plaintiff to resolve its individual claims in connection with claim number PR-0000000-280525, which is separate and distinct from the claims and disputes regarding Nonmaterial Depreciation.

DocuSign Envelope ID: 70131532-93DF-4C9A-AE8D-014089EABDBF

1.11    Class Counsel submit that they have significant experience with Nonmaterial Depreciation claims, having represented insureds in numerous putative class actions.  Based on this experience, Class Counsel believe that Plaintiff's claims and allegations relating to Nonmaterial Depreciation asserted in the Action have merit.  Class Counsel recognize and acknowledge, however, that prosecuting such claims through fact and expert discovery, class certification, dispositive motions, trial, and appeal(s) will involve considerable uncertainty, time, and expense.

1.12    Class Counsel have concluded that it is in the best interests of the Settlement Class that the claims asserted by Plaintiff against Defendant in the Action be resolved on the terms and conditions set forth in this Agreement.  After extensive consideration and analysis of the factual and legal issues presented in the Action, and extensive and multiple settlement negotiation sessions, Class Counsel have reached the conclusion that the substantial benefits that Class Members will receive as a result of this Settlement are a very good result in light of the risks and uncertainties of continued litigation; the time and expense that would be necessary to prosecute the Action through class certification, trial, and any appeal(s) that might be taken; and the likelihood of success at trial.

1.13    Defendant has denied and still denies liability, wrongdoing, and damages, with respect to the matters alleged in the Action; nonetheless, Defendant has agreed to enter into this Agreement to avoid the uncertainty, costs, and delay of litigation.  This Agreement is for settlement purposes only; neither the fact of, nor any provision contained in it, nor any negotiations or proceedings related thereto, nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim alleged in this Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of State Auto.

DocuSign Envelope ID: 70131532-93DF-4C9A-AE8D-040089EABDBF

1.14     The Parties, through their respective counsel, agree that this Action be settled on the following terms and conditions, subject to approval of the Court after hearing, as provided in this Agreement:

## 2.     DEFINITIONS

In addition to terms defined elsewhere in this Agreement, the following terms shall be defined as follows:

2.1     **Action.**  "Action" means the lawsuit captioned *Cedarview Mart, LLC v. State Auto Property and Casualty Company*, No. 3:20-cv-00107-NBB-RP pending in the Northern District of Mississippi, Oxford Division.

2.2     **ACV Payment.**  "ACV Payment" is calculated by estimating the replacement cost value of the covered damage for a Structural Loss claim and subtracting the estimated Depreciation, including Nonmaterial Depreciation, and any applicable deductible.

2.3     **Administrator.**  "Administrator" means Epiq Class Action & Claims Solutions, Inc., which is a third-party administrator retained by Defendant to assist in administering and implementing the Settlement.

2.4     **Agreement.**  "Agreement" means this Stipulation of Settlement Agreement, including all exhibits hereto.

2.5     **Claim Form.**  "Claim Form" means the pre-addressed form that will be appended to the Class Notice, which a potential Class Member must complete and timely submit, subject to the provisions of this Agreement, to be eligible for a Claim Settlement Payment.  A copy of a blank Claim Form is attached as **Exhibit C**

2.6     **Claim Settlement Payment.**  "Claim Settlement Payment" means the sole payment to which a Class Member filing a valid and timely Claim Form may be entitled, as described in Section 6.

US_ACTIVE\120336474\V-11

2.7 **Claim Deadline.** "Claim Deadline" means the date by which a Claim Form must be postmarked or uploaded in order to be considered timely, as further provided in Section 6.2.

2.8 **Class Counsel.** "Class Counsel" means individually and collectively, the attorneys and law firms approved and appointed by the Court to represent the Settlement Class, including:

Erik D. Peterson
ERIK PETERSON LAW OFFICES, PSC
249 E. Main St.
Suite 150
Lexington, KY 40507
Telephone: 800-614-1957
erik@eplo.law

James Brandon McWherter
MCWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: 615-354-1144
Facsimile: 731-664-1540
brandon@msb.law

T. Joseph Snodgrass
SNODGRASS LAW LLC
100 South Fifth Street
Suite 800
Minneapolis, MN 55402
Telephone: 612-339-1421
jsnodgrass@snodgrass-law.com

2.9 **Class Member.** "Class Member" means any Person who is included within the definition of the Settlement Class, and who does not timely and properly request exclusion from the Settlement Class, as provided in Section 10.

2.10 **Class Notice.** "Class Notice" means the notice of preliminary approval of this Settlement, mailed to potential Class Members as provided in Section 5.2, and it shall be in the form and substance of Exhibit B, without material alteration.

2.11 **Class Periods.** "Class Periods" means the following time periods:

2.11.1 For Structural Loss claims made under property insurance policies issued in the State of Mississippi, the Class Period is: April 2, 2017 through February 16, 2021;

DocuSign Envelope ID: 70131532-93DF-4C9A-AF8D-D14089EABDBF

> 2.11.2  For Structural Loss claims made under property insurance policies issued in the States of Illinois, Kentucky, Ohio, or Tennessee with a one-year suit limitation clause, the Class Period is:  April 2, 2019 through February 16, 2021;
>
> 2.11.3  For Structural Loss claims made under property insurance policies issued in the States of Illinois, Kentucky, Ohio, or Tennessee with a two-year suit limitation clause, the Class Period is:  April 2, 2018 through February 16, 2021.

2.12  **Court.**  "Court" means the United States District Court, Northern District of Mississippi, Oxford Division, Judge Neal B. Biggers, presiding.

2.13  **Covered Loss.**  "Covered Loss" means a first party insurance claim for Structural Loss that:  (a) occurred during the Class Periods, and (b) resulted in an ACV Payment by State Auto, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

2.14  **Defendant's Counsel.**  "Defendant's Counsel" means:

| | |
|---|---|
| Mark L. Hanover | Dale Gibson Russell |
| Kristine M. Schanbacher | Blake Damon Smith |
| DENTONS US LLP | COPELAND, COOK, TAYLOR & BUSH |
| 233 S. Wacker Drive, Suite 5900 | P.O. Box 6020 |
| Chicago, IL 60606 | Ridgeland, MS 39158-2132 |
| Telephone:  (312) 876-3453 | Telephone:  (601) 856-7200 |
| Facsimile:  (312) 876-7934 | Facsimile:  (601) 856-7626 |
| mark.hanover@dentons.com | drussell@cctb.com |
| kristine.schanbacher@dentons.com | bsmith@cctb.com |

2.15  **Depreciation.**  "Depreciation" means the amount subtracted from the replacement cost value to calculate the actual cash value, reflecting the reduction in value due to the age, condition, wear and tear, and/or obsolescence of item(s) of the damaged property.

2.16  **Effective Date.**  "Effective Date" shall be the first date on which all of the following conditions have occurred:

> (a)  The Parties have executed this Agreement;

6

DocuSign Envelope ID: 70131532-83DF-46DA-AF9D-0110895A8DDF

(b)     No Party has terminated the Agreement;

(c)     The Court has entered the Preliminary Approval Order substantially the same as the attached **Exhibit A**;

(d)     The Court has entered a Final Judgment Order substantially the same as the attached **Exhibit D**, approving this Agreement and the Proposed Settlement, releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend; and

(e)     (i) The time to file an appeal from the Final Judgment has expired (without the filing of any appeals) or (ii) if any appeal has been taken from the Final Judgment, then the date on which all appeals therefrom, including petitions for rehearing, petitions for rehearing *en banc*, and petitions for *certiorari*, or any other form of judicial review have been finally disposed of in a manner that affirms the Final Judgment without material alteration.

2.17     **Final Approval Hearing.**  "Final Approval Hearing" means the fairness hearing the Court will convene to consider whether the Agreement is fair, reasonable, and adequate, and whether the Final Judgment should be entered without material alteration.

2.18     **Final Judgment.**  "Final Judgment" means the order and judgment to be entered by the Court substantially the same in form and content as **Exhibit D** without material alteration (as reasonably determined by Defendant or Plaintiff).  If Defendant or Plaintiff reasonably contend that there is a material alteration, then such party shall immediately terminate this Agreement as provided for herein.

2.19     **Legally Authorized Representative.**  "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate; a guardian, conservator, attorney, or next friend of an incapacitated Class Member; or any other legally appointed Person or entity responsible for the handling of the business affairs of a Class Member, as established by written evidence.

2.20     **"Neutral Evaluator"** means the final and binding arbiter of any dispute concerning a Class Member's eligibility for or amount of any Claim Settlement Payment, as set forth in Sections 7.10, 7.11, and 7.12; and Robert Gibbs and/or Anne Veazey will serve as the Neutral Evaluator.

7

DocuSign Envelope ID: 70131532-83DF-460A-AF9D-01J8895ABDDE

2.21 **Nonmaterial Depreciation.** "Nonmaterial Depreciation" means Depreciation of labor costs, overhead and profit, and/or other non-material items included within Xactimate® estimating software, and specifically including Depreciation resulting from the application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" depreciation option settings.

2.22 **Parties.** "Parties" means Plaintiff and Defendant.

2.23 **Person.** "Person" means any natural person, individual, corporation, limited liability company, association, partnership, trust, or any other type of legal entity.

2.24 **Plaintiff.** "Plaintiff" means Cedarview Mart, LLC, individually and as representative of the Settlement Class, as the context may indicate.

2.25 **Preliminary Approval.** "Preliminary Approval" means the Preliminary Approval Order in the same form and substance of **Exhibit A** without material change (as reasonably determined by Defendant or Plaintiff) to be entered by the Court, as provided in Section 3.2. If Defendant or Plaintiff reasonably contend there is a material change, then such party may immediately terminate this Agreement as provided for herein.

2.26 **Proposed Settlement and Settlement.** "Proposed Settlement" and "Settlement" mean the settlement described in this Agreement.

2.27 **Released Claims.** "Released Claims" means the claims released by Final Judgment, as defined in Section 9.1. The Released Claims extend only to the claims arising under insurance policies issued by State Auto.

2.28 **Released Persons.** "Released Persons" means (i) State Auto and all of its past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees,

US_ACTIVE\120336474\V-11

stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

2.29 **Releasing Persons.** "Releasing Persons" means Plaintiff and all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses or domestic partners, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

2.30 **Settlement Class.** "Settlement Class" means all Class Members within the Mississippi Settlement Class or the Illinois, Kentucky, Ohio, and Tennessee Settlement Class (except for those explicitly excluded in Section 2.30), which are defined as follows:

2.30.1 "Mississippi Settlement Class" means all policyholders, (except for those explicitly excluded in Section 2.31), under any property insurance policy issued by State Auto, who made: (i) a Structural Loss claim for property located in the State of Mississippi between April 2, 2017 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

2.30.2 "Illinois, Kentucky, Ohio, and Tennessee Settlement Class" means all policyholders, (except for those explicitly excluded in Section 2.31), under: (A) any property insurance policy with a one-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2019 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible; or (B) any property insurance policy with a two-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2018 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of

DocuSign Envelope ID: 70131532-83DF-4E9A-AF9D-0140895ABDDE

Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

2.31 The Settlement Class does not include:

2.31.1 Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor;"

2.31.2 Policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance;

2.31.3 Policyholders whose claims were denied or abandoned without an ACV Payment for any reason other than that the ACV payment was not made solely because the withholding of Nonmaterial Depreciation caused the loss to drop below the applicable deductible;

2.31.4 Policyholders where no Xactimate estimate was generated by State Auto;

2.31.5 State Auto and its officers and directors;

2.31.6 Members of the judiciary and their staff to whom this Action is assigned and their immediate families; and

2.31.7 Class Counsel and their immediate families.

2.32 **State Auto.** "State Auto" means State Auto Property and Casualty Company; State Automobile Mutual Insurance Company; State Auto Insurance Company of Ohio; Milbank Insurance Company; and Meridian Security Insurance Company.

2.33 **Structural Loss.** "Structural Loss" means physical damage to a home, building, manufactured home, condo, rental dwelling, or other structure located in the State of Illinois, Kentucky, Mississippi, Ohio, or Tennessee while covered by a commercial property, homeowners residential, manufactured home, condo, dwelling, or rental property insurance policy issued by State Auto.

2.34 **Unknown Claim.** "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Agreement, and as provided in Section 9.2.

10

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0410895A8DDE

## 3. CONDITIONS

3.1      The Settlement is expressly contingent upon the satisfaction in full of the material conditions set forth below, including all other terms and conditions of this Agreement.

3.2      **Condition No. 1: Approval**. The Settlement must be approved by the Court in accordance with the following steps:

      3.2.1      **Motion for Preliminary Approval**. After good faith consultation with Defendant's Counsel, Class Counsel will file with the Court a motion for preliminary approval within seven (7) days of execution of this Agreement by both Parties.  The motion for preliminary approval shall include a proposed Preliminary Approval Order, a Class Notice, a Claim Form, Postcard Notice, and a proposed Final Judgment Order, all substantially in form and content as **Exhibits A through E**.  The Parties shall take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order and shall request that the Court schedule a Final Approval Hearing no earlier than one-hundred and twenty (120) days after entry of the Preliminary Approval Order.

      3.2.2      **Entry of Preliminary Approval Order**. The Court enters a Preliminary Approval Order without material alteration to **Exhibit A**, which shall, among other things:

      a.      Preliminarily approve the Settlement as fair, reasonable, and adequate and approve selection of the Administrator;

      b.      Preliminarily certify the Settlement Class for purposes of settlement, approve Plaintiff as the class representative for the Settlement Class, and appoint Class Counsel;

      c.      Order the issuance of Class Notice, Claim Form, and Postcard Notice to potential Class Members pursuant to this Agreement, and determine that such notice complies with all requirements, including, but not limited to, Rule 23 and the Due Process Clause of the United States Constitution, and set the Claim Deadline;

      d.      Appoint Epiq Class Action & Claims Solutions, Inc. as the Administrator.

      e.      Rule that the Administrator need not mail additional rounds of notice to potential Class Members or re-mail any returned notices, other than to the extent as required in Sections 5.3-5.5;

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0110895A9DDE

f.  Schedule a Final Approval Hearing to be held no sooner than one-hundred and twenty (120) days after entry of the Preliminary Approval Order to consider whether the Settlement should be finally approved by the Court;

g.  Require each person within the Settlement Class who wishes to exclude themselves to mail an appropriate and timely written request for exclusion by the opt out deadline in the Preliminary Approval Order, and rule that any Class Member that fails to do so shall be bound by all proceedings, orders, and judgments in this matter, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that Defendant, in its sole discretion, may allow a Class Member who does not timely request exclusion to opt out up to and including the date of the Final Approval Hearing;

h.  Require each Class Member who wishes to object to the fairness, reasonableness or adequacy of this Agreement, to file with the Court and mail to the Administrator, no later than thirty (30) days before the Final Approval Hearing, a notice of intention to object, and require that any Class Member who wishes to appear at the Final Approval Hearing regarding their objection, to file a notice of intent to appear together with copies of any papers the Class Member intends to present to the Court in connection with this Agreement, or be forever barred from objecting;

i.  Provide that the Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video so as to allow the Final Approval Hearing to proceed despite any limitations on in-court hearings related to the COVID-19 pandemic and provide that any Class Member who files a notice of intent to appear shall be provided with information necessary to access the telephone or video hearing;

j.  Preliminarily enjoin all Class Members, who have not timely and properly excluded themselves from the Settlement Class, from: (i) filing, commencing, prosecuting, maintaining, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction, individually or as a class action on behalf of any Class Members who have not timely excluded themselves, based on or arising from the Released Claims; and (ii) attempting to effect an opt-out class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on or arising from the Released Claims;

k.  Authorize the Parties to take all necessary and appropriate steps to implement the Settlement as set forth in this Agreement; and

l.  Such additional provisions as provided in **Exhibit A** as necessary to implement this Settlement, and to issue related orders to effectuate the preliminary approval of the Agreement.

3.3  **Final Approval Hearing**. In connection with the motion for preliminary approval, the Parties shall request that the Court schedule and conduct a Final Approval Hearing not less than one hundred and twenty (120) days after entry of the Preliminary Approval Order, at which time the Court will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Class Counsel, after good faith consultation with counsel for Defendant, shall request that, at or after the Final Approval Hearing, the Court: (i) enter the Final Judgment, granting final approval of the Settlement and dismissing, with prejudice, the claims of the Plaintiff and the Settlement Class in this Action; (ii) determine the attorneys' fees and expenses that should be awarded to Class Counsel as contemplated in the Agreement; and (iii) determine the service award, if any, that should be issued to Plaintiff, as contemplated by the Agreement.

3.4  **Condition No. 2: Finality of Judgment**. The Court shall enter a Final Judgment substantially similar in form and substance as **Exhibit D,** and the Effective Date must occur.

4.  **RELIEF FOR THE CLASS**

4.1  In compromise of disputed claims and in consideration of this Agreement, as well as additional consideration described in this Agreement, the Parties have agreed that subject and pursuant to the terms of this Agreement, in exchange for a release of the Released Persons of all Released Claims, entry of Final Judgment as contemplated herein, and dismissal with prejudice of the Action, Defendant will pay the following:

13

DocuSign Envelope ID: 70131532-83DF-4E9A-AF9D-0110895A8DDE

4.1.1    Subject to the terms, limits, conditions, coverage limits, and deductibles of the policies, Claim Settlement Payments for members of the Kentucky Settlement Class, Mississippi Settlement Class, Ohio Settlement Class and Tennessee Settlement Class who timely file valid and completed Claim Forms by the Claims Deadline shall be equal to 105% of the net estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible, determined as described herein;

4.1.2    For Class Members identified under subsection 4.1.1 for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, payment shall be according to the below schedule:

| Amount of nonmaterial released depreciation: | Settlement Payment: |
|---|---|
| $1 - $5,000 | $25 |
| $5,001 - $10,000 | $50 |
| $10,001 - $20,000 | $100 |
| $20,001 - $40,000 | $200 |
| $40,001 - $60,000 | $300 |
| $60,001 - $80,000 | $400 |
| Greater than $80,000 | $500 |

4.1.3    For members of the Illinois Settlement Class, Defendant will pay 80% of the amounts set forth in Sections 4.1.1 and 4.1.2;

4.1.4    Subject to the conditions set forth in this Agreement, attorneys' fees and expenses that are awarded by the Court to Class Counsel;

4.1.5    Subject to the conditions set forth in this Agreement, Plaintiff's service award that is awarded by the Court to Plaintiff; and

4.1.6    The costs of Class Notice and settlement administration, as provided in this Agreement.

4.2      The foregoing Claim Settlement Payments are the only payments to which Class Members will be entitled under the Proposed Settlement. Claim Settlement Payments are deemed to be inclusive of claims for any potentially applicable damages, penalties, interest, and fees, subject to the payments of attorneys' fees and expenses and any service award required to be paid

14

separately as provided for herein. All Claim Settlement Payments to Class Members, exclusive of interest payments, are subject to the terms, limits, conditions, coverage limits, and deductibles of their respective policies. Any rights to Claim Settlement Payments under this Agreement shall inure solely to the benefit of Class Members and are not transferable or assignable, unless the insurance claim was assigned by the Class Member before the date of Preliminary Approval in the ordinary course to a contractor who performed or intends to perform repair or replacement work to which the insurance claim relates. Provided, however, that any such assignee submits written evidence of such an assignment and agrees to indemnify State Auto for any loss should the assignor-policyholder also file a Claim Form for, or dispute payment to the assignee-contractor of, a Claim Settlement Payment for the assigned Covered Loss.

4.3    Until such time as the foregoing payments are made, all sums to be paid by Defendant shall remain under the control and ownership of Defendant or the Administrator. Neither Class Members nor any other Person shall have any right to or ownership or expectation interest in Claim Settlement Payments or any other sums unless and until timely and eligible claims of Class Members have been submitted and checks in payment of same have been issued and timely negotiated by Class Members, as described in this Agreement.

**5.  NOTICE**

5.1    **CAFA**. Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*("CAFA"), within ten (10) days after filing of Plaintiff's motion for preliminary approval, Defendant shall send written notice of the Settlement to the Attorney General of the United States,

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0418895A8BDE

any appropriate state department(s) of insurance, and any other appropriate government agency. The Parties agree that the foregoing notices will satisfy the notice obligations of CAFA.

      5.2    **Class Notice**. As soon as practicable after Preliminary Approval of the Proposed Settlement, but in any event no more than thirty (30) days after entry of the Preliminary Approval Order, State Auto shall conduct a reasonable search of its records and provide to the Administrator for each Person reasonably believed to be a potential Class Member, the following information, if reasonably available: full name, last known mailing address, date of Covered Loss during the Class Periods, policy number, claim number for the Covered Loss, as well as any other information reasonably required to administer the Settlement.

      5.3    The Administrator shall mail a copy of the Class Notice and Claim Form in a form and content substantially similar to **Exhibits B and C** by first-class U.S. Mail (postage prepaid) to each potential Class Member identified by State Auto. Prior to mailing, the Administrator shall run the addresses one time through the National Change of Address database in order to obtain any updated addresses for potential Class Members.

      5.4    The Administrator shall complete mailing of the Class Notice and Claim Form to potential Class Members not less than seventy-five (75) days prior to the Final Approval Hearing. Any material change(s) to the Class Notice or Claim Form agreed to by the Parties after entry of the Preliminary Approval Order must be approved by the Court prior to mailing.

      5.5    If a Class Notice and Claim Form sent to any potential Class Member is returned as undeliverable, the Administrator will log such return as undeliverable and provide copies of the log to Defendant and Class Counsel as requested. If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address. For other returned mailings, the Administrator will run the name and address one time through a single

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0410895A9DDE

commercial database (*e.g*., Accurint) chosen by the Administrator, and should the commercial database show a more current address, the Administrator shall re-mail the returned Class Notice and Claim Form to the more current address.

5.6     **Postcard Notice**. No later than thirty (30) days before the Claim Deadline, the Administrator shall mail a reminder in the form attached as **Exhibit E** (the "Postcard Notice"), containing the following information:   the Claim Form submission deadline, the Settlement Website, and how to request a copy of the Claim Form.  The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class.

5.7     It is agreed by the Parties that the procedures set forth in the preceding paragraphs constitute reasonable and best practicable notice under the circumstances, and constitute an appropriate and sufficient effort to locate current addresses for Class Members.  No further efforts to locate or to find a more current address for Class Members are required.

5.8     **Settlement Website**. No later than the mailing of the Class Notice and Claim Form, the Settlement Administrator shall establish a website containing copies of the Agreement and Exhibits, the Preliminary Approval Order, Spanish translations of the Class Notice and Claim Form, and such other documents and information about the Settlement as Class Counsel and Defendant's Counsel agree upon.  The Claim Form shall be available to download or print from the Settlement website.  A completed Claim Form may also be uploaded and submitted on the Settlement Website.

      5.8.1     The Settlement Website shall use a Uniform Resource Locator that identifies the internet address as Class Counsel and Defendant's Counsel agree upon.  The Settlement Website shall not include any advertising and shall not bear or include any logos or trademarks of State Auto other than those appearing in the Agreement (if any).  The Settlement Website shall cease to operate and the Administrator shall remove all information from

the Settlement Website no later than when the Administrator closes the account and any remaining funds shall escheat as provided in Section 7.9.

5.9 **Toll-free Number**. No later than the mailing of the Class Notice, the Administrator shall establish a toll-free phone number, with script recordings of information about the Settlement, including information about how to obtain a Claim Form. The Administrator shall send a copy of the Class Notice and/or Claim Form, or Spanish translations of either or both, upon request of any Class Member(s). The phone number shall remain open and accessible through the Claim Deadline and allow for a Class Member to leave a recorded message. Except for requests for the Class Notice or Claim Form, the Administrator will promptly advise Class Counsel of recorded messages left by any Class Member concerning the Action and/or the Settlement, or direct any Class Member with questions that cannot be answered to Class Counsel, so that Class Counsel may timely and accurately respond to such inquiries.

5.10 Upon reasonable request, the Administrator shall advise Class Counsel and Defendant's Counsel of the progress of its actions with respect to notice.

## 6. SUBMISSION OF CLAIM FORMS

6.1 Claim Forms mailed to Class Members shall be pre-populated with the Class Member's name, current address, and date of Covered Loss to the extent feasible and if such information is reasonably available.

6.2 To be considered valid and timely, a Claim Form must be completed, signed by the Class Member or Legally Authorized Representative, and mailed to the Administrator's address as specified in the Claim Form, postmarked by the Claim Deadline, which shall be forty-five (45) days after the scheduled date of the Final Approval Hearing. Completed Claim Forms may also be uploaded on the Settlement Website by the Claim Deadline. A Claim Form may be submitted

DocuSign Envelope ID: 70131532-83DF-469A-AE9D-0410895A8BDE

on behalf of a deceased or incapacitated Class Member by a Legally Authorized Representative, with written evidence of authority.

6.3     The Claim Form will reasonably request of Class Members such information as described in the attached **Exhibit C**.  To be eligible for a Claim Settlement Payment, Class Members must, on or with the Claim Form:

> 6.3.1   Affirm that they have not assigned the claim for the Covered Loss upon which the ACV Payment was calculated, and if it has been assigned only as permitted under Section 4.2, identify the assignee-contractor to whom the Covered Loss claim was assigned (including name and address), attach written evidence of such assignment, and agree to indemnify State Auto for any loss should the assignor-policyholder also file a Claim Form for, or dispute payment to the assignee-contractor of, a Claim Settlement Payment for the assigned Covered Loss;

> 6.3.2   Confirm that the pre-populated contact information contained on the Claim Form and any updated, corrected, or additional information provided by the Class Member is accurate to the best of the Class Member's knowledge.

> 6.3.3   If the Class Member under the Covered Loss is deceased or incapacitated, include written evidence that the Person submitting the Claim Form is the Legally Authorized Representative of the Class Member.

6.4     The opportunity to submit a Claim Form for a Claim Settlement Payment pursuant to this Agreement shall be in full and final disposition of the Action, and in full consideration for the release of any and all Released Claims as against any and all Released Persons, regardless of whether or not a Class Member receives a Class Notice, submits a Claim Form, and/or timely negotiates a Claim Settlement Payment check.  The Claim Form will not require that a Class Member sign under penalty of perjury or be notarized.

## 7.   CLAIMS ADMINISTRATION AND PAYMENTS

7.1     **Claims Determinations**. Beginning thirty (30) days after mailing the Class Notices and on a rolling basis periodically thereafter, Defendant, or a qualified vendor retained by and under the control of Defendant, shall calculate the amount of the Claims Settlement Payment, if

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-011089958BDE

any, to which each Class Member who timely submits a completed Claim Form is entitled, based on information that includes, but is not limited to:

      7.1.1    the estimated total amount of Nonmaterial Depreciation deducted in determining an ACV Payment for a Covered Loss, if any; and

      7.1.2    the amount(s) of any Nonmaterial Depreciation that was refunded, if any.

In making such determinations, Defendant may consider all information provided by the Class Member with the Claim Form and information reasonably available within State Auto's records.

7.2    The Administrator shall notify in writing those Class Members who submit an untimely Claim Form that their claim is denied and will not be processed further. The Administrator's determination of whether a Claim Form was timely submitted shall be final and binding, and may not be the basis for an objection.

7.3    The Administrator shall notify in writing those Class Members who submit a timely, but materially deficient or incomplete Claim Form that they have thirty (30) days to correct the deficiency. The notice will identify the deficiency and state that any response must be postmarked within thirty (30) days of the date of the notice of the deficiency.

7.4    The Administrator shall send to Class Members whose Claim Form was denied payment, for any reason other than untimeliness, a notice explaining why.

7.5    Defendant will periodically update the Administrator and Class Counsel on the claims review process, and will provide, within ninety (90) days after the Claim Deadline, a list of: (a) Class Members who submitted Claim Forms; and (b) the amount of the Claim Settlement Payment, if any, owing to each.

7.6    **Confirmation Of Calculation Methodology.** Within ten (10) days after receipt of the list provided by Defendant as referenced in Paragraph 7.5, Defendant will provide a declaration from an employee, who executes the same with full knowledge of Defendant's processes for

determining Claim Settlement Payment amounts on the list, and which confirms that Defendant

used the following process to determine Claim Settlement Payments:

7.6.1    If the underlying claim:  (i) resulted in a payment under Coverage A or Coverage B or that would have resulted in payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible; *and* (ii) had an Xactimate estimate reflecting a non-zero amount of Nonmaterial Depreciation; *and* (iii) had depreciation determined by Xactimate that was withheld from one or more ACV Payment(s); *and* (iv) had all withheld Depreciation determined by Xactimate subsequently paid in full, then the Claim Settlement Payment shall be the amount set forth in the table in Section 4.1.2.  Any portion of the Claim Settlement Payment that would otherwise cause total payment on the claim plus the deductible to exceed the limit of liability is not eligible for payment.

7.6.2    If the underlying claim satisfies (i), (ii), and (iii) in Section 7.6.1 above, but does not satisfy (iv), then the Claim Settlement Payment shall be the depreciation determined by Xactimate that was not paid, multiplied by the ratio of Nonmaterial Depreciation to all Depreciation determined by Xactimate, plus interest of 5%.  Any portion of the Claim Settlement Payment (exclusive of interest) that would otherwise cause total payment on the claim plus the deductible to exceed the limit of liability is not eligible for payment.

7.7    **Funding**. Within the later of:  (a) ten (10) days after the Effective Date; or (b) thirty

(30) days after the final determinations of Claim Settlement Payments described in Section 7.1,

Defendant shall send to the Administrator adequate funds for deposit to an account established by

the Administrator to pay Claim Settlement Payments.  In no event shall Defendant be liable to pay

Claim Settlement Payments before that time.  Prior to transferring funds to the Administrator,

Defendant is not required to maintain any funds or payments to be made under this Agreement in

a segregated account, and any interest or other income earned on funds prior to the distributions

provided hereunder remains the property of Defendant.

7.8    **Checks**. Within ten (10) days of receipt of funds from Defendant, the Administrator

shall mail to each Class Member who timely submitted a completed Claim Form check for the

Claim Settlement Payment to which each Class Member is entitled, if any.  The Administrator

21

shall use the addresses used to send the Class Notice, subject to any updates received from Class Members on Claim Forms or otherwise.

7.9     Checks shall be issued in the names of Class Members as reflected in State Auto's records, and shall state on their face that they expire and are void 120 days from the date of issuance, after which, the Administrator may close the account.  Prior to expiration, a Class Member may a request for a replacement check be issued by the Administrator.  In the event any check issued prior to this Agreement is returned and the payee cannot be located, or expires or becomes void, Defendant will follow their standard escheatment procedures for the State of Mississippi.

7.10     **Neutral Evaluator.**  The Administrator shall send to Class Members whose Claim Form was denied payment for any reason other than untimeliness a notice explaining why.  In addition, the Administrator shall send a notice to all Class Members who submitted a Claim Form, regardless of whether a Claim Settlement Payment was issued, explaining that Class Members may dispute the amount of the Claim Settlement Payment or denial of their claim by requesting in writing final and binding neutral resolution by the Neutral Evaluator.  In order to dispute a Claim Settlement Payment or denial of a claim and invoke the neutral resolution process, a Class Member must return any uncashed Settlement Check to the Administrator and explain in writing the reason for their dispute, as well as provide any supporting documentation, postmarked within thirty (30) days of the date shown on the notice sent to that Class Member.  If the Settlement Check is not timely returned, or if the Settlement Check is negotiated prior to final and binding resolution by the Neutral Evaluator, then the dispute resolution process will be automatically terminated and the Class Member is not entitled to any further Claim Settlement Payment.

7.11     The Administrator shall promptly provide Defendant's Counsel and Class Counsel notice of any disputes received from Class Members under Section 7.10.  Upon receipt, Defendant may reevaluate the claim and/or supply any additional supporting documentation or information of its choosing to the Administrator within thirty (30) days.  The Administrator shall then promptly provide all materials received from the Class Member, Class Counsel, and Defendant to the Neutral Evaluator, unless Defendant has agreed to pay the claim in the manner disputed by the Class Member, in which event the Administrator shall promptly issue a Settlement Check to the Class Member for the agreed Claim Settlement Payment.

7.12     The Neutral Evaluator shall issue a decision based solely on the written submissions provided by Defendant, Class Counsel, and the Class Member without independent research or evidence, and subject to the express terms and conditions of this Agreement, within thirty (30) days after receipt of materials from the Administrator.  If applicable, the Administrator shall promptly issue a Settlement Check to the Class Member for a Claim Settlement Payment in accord with the Neutral Evaluator's decision.  The Neutral Evaluator shall have exclusive jurisdiction to resolve any dispute as to final determination of a Claim Settlement Payment, and the decision of the Neutral Evaluator shall be final and binding on the Parties and Class Members and is not subject to appeal or review by the Court.  The Neutral Evaluator shall not have authority to award a Class Member any amount in excess of the Claim Settlement Payment, determined as described in Section 4.1, or for any other damages, costs, attorneys' fees, or other relief.  The Neutral Evaluator shall also be bound by the provisions of Section 16 concerning Confidential Information.

7.13     **Taxes**.  Defendant and the Administrator will comply with all federal, state, and local tax obligations in connection with the Settlement.  However, Defendant is not obligated to compute, estimate, or pay any taxes on behalf of, and is not liable for any taxes owed by, the

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0410895A8PDF

Plaintiff, Class Counsel, or any Class Member as a result of the payments contemplated by the Settlement.

7.14    **Final Accounting.** Within thirty (30) days after completion of the escheatment procedures pursuant to Section 7.9 and all claims have been resolved, including claims disputed by Class Members, the Administrator shall provide a final accounting to the Parties of all payments under the Settlement.

7.15    **Information Available to Class Counsel**. Class Counsel shall have the right to interact directly with the Administrator regarding the administration of the Settlement provided that Defendant is notified of all such interactions and copied on all written interactions.

## 8.    COVENANTS, REPRESENTATIONS AND WARRANTIES

8.1    **Covenants Not to Sue**. Plaintiff and Class Members covenant and agree:

8.1.1    not to file, commence, prosecute, maintain, intervene in, or participate in (as parties, class members, or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Persons;

8.1.2    not to organize or to solicit the participation of Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and

8.1.3    that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims asserted against any of the Released Persons.

8.2    Plaintiff represents and warrants that it is the sole and exclusive owner of the Released Claims, other than an interest that may already be held by its respective mortgagee(s), and that it has not assigned or otherwise transferred any interest in any Released Claims against any Released Persons, and further covenants that it will not assign or otherwise transfer any interest in its Released Claims.

24

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0410895A9BDE

8.3     Plaintiff represents and warrants that, after entry of Final Judgment, it has no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

8.4     Plaintiff and Class Counsel represent and warrant that there are no outstanding liens or claims against the Action, and acknowledge that Plaintiff and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

8.5     The Parties represent and warrant that they are voluntarily entering into the Agreement as a result of arms-length negotiations among their counsel; that in executing the Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each of the Parties assumes the risk of mistake as to facts or law.

## 9.     RELEASES

9.1     **Released Claims**. Upon the Effective Date, Releasing Persons, including Plaintiff and each Class Member, shall, by operation of the Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged State Auto and all other Released Persons from any and all claims, Unknown Claims, rights, demands, actions, causes of action, allegations suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorneys' fees and costs, liens, and judgments, of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Periods, whether *ex contractu* or *ex delicto*, debts, liens, contracts,

DocuSign Envelope ID: 70131532-83DF-462A-AE9D-0110895A8DDE

liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including

actual, consequential, statutory, extra-contractual, punitive, or/or exemplary damages), and

whether arising under or based on contract, extra-contractual or tort theories, at law or in equity,

or under federal, state, or local law, statute, ordinance, rule or regulation, whether asserted

individually or in a representative capacity, whether past or present, mature or not yet mature,

known or unknown, that the Plaintiff or any Class Members have or may have had against any of

the Released Persons that relate to, concern, arise from, or pertain in any way to:

> 9.1.1    Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss; or

> 9.1.2    the allegations and claims contained in the Complaint in the Action, and/or which could have been alleged in the Complaint, concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of estimating software

("Released Claims").

Provided, however, that Released Claims do not include:  (a) claims arising after the

Effective Date; (b) Class Members' rights and obligations under this Agreement; (c) the rights of

potential Class Members who timely and properly submit a request for exclusion from the

Settlement Class in accordance with this Agreement; and (d) any Class Member from recovering

any replacement cost benefits (exclusive of Nonmaterial Depreciation addressed in Sections 9.1.1

and 9.1.2) that may still remain available under the terms of his or her policy.

9.2    **Unknown Claims**. Plaintiff, on behalf of itself individually and on behalf of Class

Members, explicitly acknowledges that Unknown Claims within the scope of Released Claims

could possibly exist and that any present losses may have been underestimated in amount or

severity.  Plaintiff or any Class Member may hereafter discover facts other than or different from

those that they know or believes to be true with respect to the subject matter of the Released

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DF-462A-AF9D-0410895A9DDE

Claims, or the law applicable to such claims may change. Nonetheless, Plaintiff and each Class Member expressly agree that they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or un-asserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims, including Unknown Claims within the scope of the Released Claims. Without limiting the foregoing in any way, Plaintiff, and all Class Members who have not timely and properly excluded themselves from the Settlement Class, expressly waive all rights under Section 1542 of the California Civil Code, realizing and understanding that Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

9.3     Plaintiff and Class Members agree and acknowledge that they are bound by this Agreement, including by the Released Claims, which are a material element of the Agreement, and that all of their claims in the Action asserted against State Auto shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received actual notice of the Settlement and/or a Claim Settlement Payment.

9.4     This Agreement and the releases herein do not affect the rights of potential Class Members who timely and properly submit a request for exclusion from the Settlement in accordance with this Agreement.

9.5     The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect,

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DF-4634-AF9D-0108895ABBDE

preserve, and implement the Agreement, including, but not limited to, enforcement of the releases contained in the Agreement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement and Final Judgment.

## 10.   REQUESTS FOR EXCLUSION

10.1    Any person within the Settlement Class who wishes to opt out of the Settlement Class must do so in writing.  Any Class Member who does not opt out of the Settlement Class in the manner described herein shall be deemed to be a Class Member and shall be bound by all proceedings, orders, and judgments.

10.2    In order to opt out, a Class Member must complete and send to the Administrator, at the address listed in the Class Notice and on the Settlement Website, a request for exclusion postmarked no later than the opt out deadline of thirty (30) days before the Final Approval Hearing. The request for exclusion must:  (a) identify the case name; (b) identify the name and address of the Class Member; (c) be personally signed by the Class Member or their Legally Authorized Representative; and (d) state an explicit desire to be excluded from the Settlement Class, such as "I hereby request to be excluded from the proposed Settlement Class in the *Cedarview* class action." Persons must request exclusion individually.  Mass or group class opt outs are prohibited.

10.3    A Class Member who desires to opt out must take timely affirmative written action pursuant to Section 10.2, even if the Class Member desiring to opt out:  (a) files or has filed a separate action against any of the Released Persons, or (b) is or becomes a putative or actual class member in any other class action filed against any of the Released Persons.  The Administrator shall provide Class Counsel and Defendant's Counsel a list of all timely requests for exclusion not less than ten (10) days before the Final Approval Hearing.

10.4    Any Class Member who timely and properly opts out of the Settlement Class shall not:  (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0410895ABDDE

under or be affected by the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

      10.5   **Representation of Opt Outs**. Class Counsel and their respective firms agree not to represent, encourage, solicit or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person requesting exclusion from the Settlement.

## 11.   OBJECTIONS

      11.1   **Overview**. Any Class Member who does not submit a valid request for exclusion may object to the Settlement by complying with the procedures and deadlines in this Agreement. The Class Notice will identify the requirements to assert a valid written objection.

      11.2   **Filing**. Any Class Member who wishes to object to the Settlement must do so in writing filed with the Clerk of the Court (address provided in the Notice), with a copy mailed to the Administrator (address identified in the Notice), postmarked no later than the objection deadline of thirty (30) days before the Final Approval Hearing. To be valid, a written objection must include: (a) the case name and number; (b) the name and address of the objecting Class Member ("Objector"); (c) the name, address, bar number, and telephone number of the Objector's counsel, if represented; (d) the specific reason(s) why the Class Member objects to the Settlement; and (e) whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel.

      11.3   **Appearance**. Subject to approval of the Court, any Class Member who files and serves a timely written objection in accordance with this Section 11.2 may appear, in person or by counsel, at the Final Approval Hearing, whether it is held in the courtroom or via telephone or video conference, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the Objector additionally: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the objection deadline; and

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DE-4E9A-AE9D-0110895A8DDE

(b) mails copies of the notice to Class Counsel and Defendant's Counsel, postmarked by the objection deadline. The notice must include copies of any papers, exhibits, or other evidence that the objecting Class Member plans to present to the Court in connection with the Final Approval Hearing. Any Class Member who does not file a notice of intention to appear in accordance with the Agreement shall not be entitled to appear, whether personally or through their counsel at the Final Approval Hearing.

11.4    **Waiver**. Any Class Member who fails to object to the Settlement in the manner described above shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing or at any other time, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

## 12.    FINAL JUDGMENT

12.1    Not less than ten (10) days before the Final Approval Hearing, the Administrator will provide Class Counsel and Defendant's Counsel with an affidavit or declaration attesting that Class Notice has been disseminated in accordance with the Preliminary Approval Order and this Agreement, confirming the timely mailing of notices concerning the Settlement required by CAFA, and identifying any Persons who submitted timely and valid Requests for Exclusion. Class Counsel shall file the affidavit(s) or declaration(s) with the Court before the Final Approval Hearing.

12.2    Prior to the Final Approval Hearing, Class Counsel will file a motion seeking the Court's final approval of the Settlement and entry of Final Judgment, in the form and content attached as **Exhibit D**, without material change, which, among other things:

12.2.1    Approves the Settlement as described in this Agreement as fair, reasonable, and adequate and directs the Parties and counsel to comply with and consummate the terms of this Agreement;

US_ACTIVE\120336474\V-11

12.2.2  Confirms certification of the Settlement Class for settlement purposes only;

12.2.3  Finds that Class Counsel and Plaintiff have adequately represented and protected the interests of the Settlement Class;

12.2.4  Finds that the terms of this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class;

12.2.5  Provides that each Class Member shall be bound by the provisions of this Agreement and the Final Judgment, including the releases set forth in Section 9;

12.2.6  Confirms that the individual mailed distribution of the Class Notice, Claim Form, and Postcard Notice, and establishment of an automated toll-free telephone number, and a settlement website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Action, this Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law;

12.2.7  Finds that all notices concerning the Settlement required by CAFA, have been sent and that Defendant have fully complied with such notice requirements;

12.2.8  Dismisses all claims in the Action by Plaintiff and Class Members against Defendant on the merits and with prejudice, and entering Final Judgment thereon;

12.2.9  In order to protect the continuing jurisdiction of the Court and to effectuate this Agreement and the Final Judgment, permanently enjoins Class Members who have not opted out, and anyone acting or purporting to act on their behalf, from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, class members, or otherwise) any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons, and from organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit regarding any Released Claims against any Released Persons, and provides that any person in violation of the injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction;

12.2.10  Approves payment of attorneys' fees and expenses to Class Counsel and service award the Plaintiff, in both respects not exceeding the maximum amounts identified in this Agreement;

31

DocuSign Envelope ID: 70131532-83DF-469A-AE9D-01J0895A8DDE

12.2.11   Direct issuance of a Claim Settlement Payment to any Class Member who is eligible for payment according to the terms of this Agreement, who has not timely opted-out, and has returned a timely completed Claim Form;

12.2.12   Reserves continuing jurisdiction of the Court over all matters relating to the administration, consummation, enforcement, construction and interpretation of the Settlement, this Agreement, and the Final Judgment; and

12.2.13   Holds that there is no just reason for delay and that the Final Judgment shall be final and appealable, irrespective of the Court's continuing jurisdiction over administration of the Settlement.

12.3   **Effect of Final Judgment**. Upon entry of Final Judgment:

12.3.1   the Agreement shall be the exclusive remedy for all Class Members, except those who have properly opted-out in accordance with the terms and provisions hereof;

12.3.2   except as set forth in this Agreement, the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Class Member(s); and

12.3.3   such additional provisions as provided in **Exhibit D** as necessary to implement this Agreement and the Settlement.

12.4   Except for persons who timely and properly send a request for exclusion in accordance with Section 10, all Class Members will be deemed to be members of the Settlement Class and, upon entry of the Final Judgment, will have received full and final redress and relief for the Released Claims in Section 9, including, but not limited to, any refund, reimbursement, restitution, or damages for the conduct covered by the release, and will be bound by the terms of this Settlement regardless of whether they receive Claim Settlement Payments.

12.5   Defendant will not oppose final approval of the proposed Settlement in the form of the Final Judgment attached as **Exhibit D**, and may, in its sole discretion, file a memorandum in support of final approval of the proposed Settlement.

12.6   If final approval of the Settlement is not granted, or this Agreement is terminated or rendered void, the certification of the Settlement Class shall be automatically vacated and shall

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DF-469A-AE9D-01D8895A8DDE

not constitute evidence or a binding determination that the requirements for certification of a class

for trial purposes in this Action or any other action can be or have been satisfied. In that event,

Defendant reserves and shall have all rights to challenge certification of a class action for trial

purposes in the Action or in any other action, on all available grounds as if no Settlement Class

had been certified.

12.7    Within ten (10) days after the Effective Date, Plaintiff and Class Members shall

dismiss with prejudice all Released Claims asserted in any actions or proceedings that have been

brought by or involve any Class Member in any jurisdiction. This paragraph in no way limits

Class Members from proceeding with claims that are not Released Claims as defined herein.

## 13.    ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

13.1    The total of all applications for attorneys' fees, costs, and expenses by Class

Counsel and any other person on behalf of Class Members shall not exceed $1,129,722. Class

Counsel agrees that the amount of such fees, costs, and expenses awarded shall fully compensate

them for all work and expenses in this Action for the claims asserted before and after entry of Final

Judgment. Defendant agrees not to oppose or otherwise object to an application by Class Counsel

for an award of attorneys' fees, costs, and expenses in this Action that does not exceed $1,129,722,

and Class Counsel agrees not to seek an award higher than $1,129,722. Any award of attorneys'

fees, costs, and expenses will not reduce any Class Member's recovery under this Agreement.

13.2    Within fifteen (15) days after the Effective Date, Defendant shall cause the funds

for the amount of attorneys' fees, costs, and expenses awarded by the Court (not to exceed the

amounts identified in Section 13.1), to be transferred via wire to an account of Erik Peterson Law

Offices, PSC, who shall hold and distribute it to Class Counsel. As soon as practicable after the

Effective Date, Class Counsel shall provide Defendant or the Administrator with a W-9 and wire

transfer information necessary for Defendant to make the payment described herein.

DocuSign Envelope ID: 70131532-83DF-460A-AF9D-0410895A9DDE

13.3    Except as expressly provided in this Agreement, Defendant is not liable or responsible for any other expenses, costs, damages, or fees incurred by any other person, including but not limited to the Plaintiff, any Class Member, any person(s) who object to the Settlement or exclude themselves from the Settlement Class, or any of their attorneys, experts, advisors, investigators, agents, or representatives.  Any award of attorneys' fees and expenses by the Court as provided in this Section 13 will be in complete satisfaction of any and all claims for attorneys' fees, costs, and expenses that the Plaintiff, Class Members, Class Counsel, or any other person or their counsel has or may have against State Auto arising out of or in connection with this Action, the Released Claims, and/or this Settlement.

13.4    Plaintiff, the Settlement Class, and Class Counsel hereby waive, discharge, and release State Auto from any and all other claims for attorneys' fees, by lien, statute, or otherwise for legal services in connection with this Action.  State Auto shall not be responsible for and shall have no liability whatsoever with respect to the allocation, distribution, or apportionment of any award of attorneys' fees and expenses among Class Counsel or any other person who may assert a claim thereto.  Once payment is made pursuant to Section 13.2 above, State Auto will not be subject to any claims for additional payments to Class Counsel or any attorney who is or was a member of, partner of, or otherwise associated with any of the firms representing the Plaintiff, the Settlement Class, or any Class Member.  Class Counsel shall defend, hold harmless, and indemnify State Auto and Defendant's Counsel from and against any claims, damages, liability, causes of action, liens, and expenses, including reasonable attorneys' fees and expenses, resulting from any action or proceeding involving the payment or apportionment of the award of attorneys' fees and expenses in this Action, to, or among the Plaintiff, Class Counsel, or any attorney or firm that alleges to have provided services to the Plaintiff or any Class Member.

US_ACTIVE\120336474\V-11

13.5    In addition to the Claim Settlement Payments that may otherwise be due, Defendant agrees to pay a service award as determined by the Court, not to exceed $7,500, by a check delivered or wire transfer to Class Counsel within fifteen (15) days after the Effective Date.  The payment for Plaintiff's service award will not reduce any Class Member's recovery under this Agreement.  Plaintiff shall provide Defendant or the Administrator with a completed W-9 forms within five (5) days after entry of Final Judgment.

## 14.    TERMINATION RIGHTS

14.1    **Bilateral Right to Terminate**.  Within fourteen (14) days after notice of the occurrence of any of the following events, either Defendant or Plaintiff shall have the right, exercisable in their reasonable discretion, to terminate this Agreement and the Settlement by delivering written notice of such election to the opposing counsel (Defendant's Counsel or Class Counsel), if:  (a) the Court, or any appellate court(s), rejects, denies approval, disapproves, or modifies the Agreement, Preliminary Approval Order, or Final Judgment in a manner that the terminating party, in its reasonable judgment and discretion, believes to be material; or (b) the Court, or any appellate court(s), does not completely and unconditionally enter or affirm any portion of the Agreement, Preliminary Approval Order, or Final Judgment in a manner that the terminating party, in its reasonable judgment and discretion, believes to be material. Notwithstanding the foregoing, Plaintiff may not terminate this Agreement, because of the amount of attorneys' fees and expenses awarded by the Court or any appellate court(s).

14.2    **Defendant's Unilateral Right to Terminate**.  Defendant may unilaterally, in its sole discretion, withdraw from and terminate this Agreement by providing written notice of termination to Class Counsel if:  (a) any regulatory agency or governmental agency should challenge any term(s) of the Agreement in any way that Defendant, in its sole judgment and discretion believes to be materially adverse to Defendant's interests; (b) the number of individuals

who elect to exclude themselves from the Settlement Class make up more than 3.5% of all known potential Class Members; (c) any financial obligation is imposed upon State Auto in addition to or greater than those specifically accepted by Defendant in this Agreement; (d) the Plaintiff opts out of the Settlement Class or object to the Settlement or this Agreement; and/or (e) any Person is allowed to intervene in this Action to assert claims against State Auto based on Structural Loss claims in states other than Illinois, Kentucky, Mississippi, Ohio, and Tennessee.  Defendant must exercise its option to unilaterally withdraw from and terminate this Agreement within fourteen (14) days after expiration of the opt out period.

14.3     If an option to terminate this Agreement and the Settlement arises, Plaintiff or State Auto are not required to exercise the option to terminate.

14.4     If the Agreement fails for any reason, or if this Agreement is terminated by Plaintiff or Defendant pursuant to Section 14.1:

14.4.1     This Agreement and the Proposed Settlement shall have no further force or effect, and all proceedings that have occurred with regard to this Agreement and the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties and any Class Members;

14.4.2     This Agreement and all negotiations, statements, and proceedings relating to them shall be without prejudice to the rights of the Parties, each of whom shall be restored to their respective positions existing immediately before the execution of this Agreement;

14.4.3     This Agreement, and the fact of this Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever and shall not be subject to discovery;

14.4.4     Any judgment or order entered in the Action relating to this Agreement or the Settlement, including, without limitation, any order certifying the Settlement Class, shall be automatically vacated *nunc pro tunc*, without the requirement of any motion or further order of the Court, and will be without any force or effect;

14.4.5     The Parties shall not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel, or any other similar or related theories, based on the Agreement (including, without limitation,

36

DocuSign Envelope ID: 70131532-83DF-4E0A-AE9D-01J0895A9BDE

the provisions regarding class certification) and related pleadings and orders, the fact of this Agreement having been made, or that any settlement negotiations preclude State Auto from opposing class certification or the claims in the Action or any other proceeding.

14.5    Sections 14.4 and 18 shall survive the termination of this Agreement.

## 15.    DENIAL OF LIABILITY

15.1    Defendant enters into this Agreement without admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind.  This Agreement and the negotiations or proceedings connected with it shall not be construed as an admission or concession by Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of State Auto.  In the event the Effective Date does not occur, or this Agreement is terminated, or the Settlement is not finally approved for any reason, Defendant shall retain the right to object to the maintenance of the Action or any other proceeding as a class action and to contest the Action or any other case on any ground.  Plaintiff, the putative class, and Class Counsel reserve all rights as well.

15.2    The Parties agree that this Agreement, the negotiations leading to the Settlement, administration of the Settlement, and any pleadings, motions or other documents specifically related to this Agreement cannot be offered into evidence in this Action in support of or in opposition to any potential motion to certify or decertify and cannot be used in any way as precedent for any purportedly similar matter.

## 16.    CONFIDENTIALITY AGREEMENT

16.1    The following constitutes highly confidential and proprietary business information of State Auto (the "Confidential Information"):  (a) the names, addresses, policy numbers, and data concerning a Class Member or potential member of the Settlement Class compiled by Defendant or the Administrator in administering the Proposed Settlement; (b) claim files and

documents and electronic data related to claims for each Class Member, utilized by Defendant or the Administrator in identifying potential Class Members and administering the Settlement and not publicly disclosed in this Action; and (c) documents and data produced by Defendant in the Action identified as confidential pursuant to an agreed protective order in the Action. Confidential Information shall not be publicly disclosed by Class Counsel or any other attorneys for Plaintiff in this Action to any persons other than those identified in the agreed protective order or this Agreement, and shall not be used other than in this Action in connection with the Settlement. It is not a violation of this Agreement for either of the parties to provide the Court with information concerning the Plaintiff' or any objector's individual claims, or to provide the Court with anonymous aggregate claims data values solely for purposes of seeking preliminary or final approval of the Settlement or attorneys' fees, expenses, and/or service award(s).

16.2    No Persons other than Defendant's Counsel, Class Counsel, the Administrator, the Neutral Evaluator, those persons identified in the agreed protective order, and their respective employees and contractors shall be allowed access to any Confidential Information. Any person to whom Confidential Information is disclosed or who has access to Confidential Information shall maintain it as confidential and shall not publicly disclose or release it to any person not authorized by Defendant, this Agreement, the agreed protective order, or the Court. Nothing in this Agreement shall be construed to restrict or limit State Auto's use or disclosure of its own Confidential Information.

16.3    Within thirty (30) days after the closing of the account and escheatment of funds by Defendant described in Section 7.9, Class Counsel shall destroy or return to Defendant's Counsel all Confidential Information in their possession, custody, or control, and shall deliver a letter to counsel for Defendant confirming their undertaking and compliance with this Section,

DocuSign Envelope ID: 70131532-83DF-462A-AF9D-0110895A8PDE

except as provided in Section 19.1. Further, the Parties agree that Confidential Information shall not be used by Class Counsel or anyone employed with, retained by, or otherwise associated with Class Counsel in any other litigation, current or future, unless independently obtained through discovery in such other litigation.

## 17. COMMUNICATIONS

17.1    Any inquiries to State Auto from Class Members regarding the Settlement will be directed to Class Counsel or the Administrator. Nothing herein shall preclude State Auto or its agents from discussing matters unrelated to the Settlement with its present, former, or prospective policyholders or customers or from communicating with its agents and employees concerning the existence, terms, and implementation of the Settlement, orally or in writing.

17.2    If any media organization contacts Plaintiff or Defendant or their respective counsel seeking information and/or a statement regarding the Settlement, in the absence of a response agreed upon by the Parties (which shall be non-disparaging and wholly consistent with the terms of the Agreement), no information will be provided in response to such inquiries except to the extent such information appears as part of the public record.

## 18. PLAINTIFF'S INDIVIDUAL CLAIM

18.1    Defendant agrees to pay, and Plaintiff agrees to accept, $87,500 in full and final payment for Plaintiff's individual claim that Defendant breached its obligations by underpaying its claim or any other alleged wrongdoing in connection with claim number PR-0000000-280525 and date of loss of January 10, 2020, and this claim is separate and unrelated to Plaintiff's Nonmaterial Depreciation claim ("Plaintiff's Individual Claim").

18.2    In addition to the Released Claims, Plaintiff hereby releases and discharges Defendant from each and every claim, counterclaim, debt, cause of action, demand and any other claim for relief and/or remuneration whatsoever, whether known or unknown, including, but not

US_ACTIVE\120336474\V-11

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0418895A8DDE

limited claims for: breach of contract, bad faith, unfair claims settlement practices, unfair trade or deceptive practices, failure to provide necessary insurance coverage, breach of any written or oral agreement, unjust enrichment, declaratory or injunctive relief, waiver, estoppel, any tortious injury, including any intentional or negligent acts, agent negligence, failure to procure coverage or misconduct, punitive damages, statutory damages, regulatory claims, and/or any claim for attorneys' fees and expenses, relating to Plaintiff's Individual Claim. However, this release of Plaintiff's Individual Claim shall not apply to individual claims of other policyholders against Defendant that are unrelated to Nonmaterial Depreciation and not part of the Released Claims.

18.3     The foregoing payment in settlement of Plaintiff's Individual Claim will be made by check within fifteen (15) days after the Effective Date, and such amount shall be in addition to any service award or Claim Settlement Payment to which Plaintiff may be entitled. However, should this Agreement terminate for any reason, the settlement and release of Plaintiff's Individual Claim shall remain binding, and the settlement payment for Plaintiff's Individual Claim as set forth in section 18.1 shall be paid within thirty (30) days of the termination of this Agreement.

## 19.    MISCELLANEOUS

19.1     **Administrator Retention of Records**. The Administrator, Class Counsel, and Defendant shall retain copies or images of all returned Class Notices, Claim Forms, and correspondence relating thereto, for a period of one (1) year after the Effective Date. Thereafter, the Administrator may destroy any such documents it has in its possession. Nothing in this Agreement shall be construed to require the Administrator, Class Counsel, or State Auto to retain records beyond their respective, discretionary, record retention policies.

19.2     **Cooperation of the Parties**. The Parties and their counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Agreement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts that

US_ACTIVE\120336474\V-11

may become necessary by order of the Court or otherwise. The Parties, Class Counsel, and Defendant's Counsel also agree to defend this Agreement against any objection made to the final approval of the Settlement or in any appeal of the Final Judgment Order or against any collateral attack on the Settlement or the Final Judgment Order. Plaintiff agrees not to request exclusion from the Settlement Class or to encourage others to do so.

19.3    **Authority to Execute the Agreement.** The undersigned counsel represent they are fully authorized to execute and enter into the terms and conditions of this Agreement on behalf of their respective clients.

19.4    **Extensions**. The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement. Such extensions must be in writing to be enforceable.

19.5    **Entire Agreement**. The terms and conditions set forth in this Agreement, including documents referenced herein and all attached exhibits, contains the entire and exclusive agreement of the Parties hereto and supersede any prior agreements, negotiations, representations, or understandings between them, and may not be contradicted or supplemented by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement and all attached exhibits constitute the complete and exclusive statement of its terms as between the Parties and that no extrinsic evidence may be introduced in any proceeding concerning the terms of the proposed Settlement. Prior or contemporaneous representations not contained in this Agreement shall be of no force or effect.

19.6    **Parties Bound**. All terms of this Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties hereto. The terms of this Agreement are and shall be binding upon the Parties hereto, upon each of their agents, attorneys, employees, successors

DocuSign Envelope ID: 70131532-83DF-468A-AF9D-0110895A8DDE

and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Class Member. Provided, however, that except as expressly provided in this Agreement, this Agreement is not intended to and does not confer upon any other person or entity any rights or remedies.

19.7 **Drafting of Agreement**. Neither the Parties, Class Counsel, nor Defendant's Counsel shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

19.8 **Modification**. This Agreement may not be altered or modified, except by a written instrument signed by counsel for all Parties, and any amendments or modifications shall be presented to the Court for approval. Amendments and modifications may be made without additional notice to the potential Class Members unless such notice is required by the Court.

19.9 **Choice of Law**. This Agreement shall be governed by and interpreted according to the substantive laws of the State of Mississippi.

19.10 **Use of Agreement as a Defense or Basis for Injunction**. To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement.

19.11 **Calculating Time**. Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any deadline under this Agreement is a weekend or legal holiday, such deadline shall be on the first business day thereafter.

19.12 **Postmarks**. Whenever a Class Member is required to provide notice or submit materials by a certain date, the notice or submission shall be timely only if it is postmarked or

DocuSign Envelope ID: 70131532-83DF-469A-AF9D-0410895ABDDE

electronically submitted on or before the date it is due and is in fact received by the intended recipient within twenty (20) days thereafter. Notwithstanding the foregoing, however, objections to the Agreement and notices of appearance must be actually delivered to and received by the intended recipient on or before the date they are due.

19.13  **Wavier of a Breach**. The waiver by Plaintiff or Defendant of any breach of this Agreement will not be deemed or construed as a waiver of any other prior, subsequent, or contemporaneous breach of this Agreement.

19.14  **Plural and Singular Terms**. As used herein, the plural of any defined term includes the singular thereof, and the singular of any defined term includes the plural thereof, as the context may require.

19.15  **Execution in Counterparts and Date of Execution**. This Agreement may be executed in counterparts, each of which shall constitute an original. This Agreement shall be deemed to have been executed upon the last date of execution by the undersigned counsel for the respective Parties.

US_ACTIVE\120336474\V-11

By:

ERIK D. PETERSON (KY Bar #93003)
(admitted pro hac vice)
ERIK PETERSON LAW OFFICES, PSC
249 E. Main St., Suite 150
Lexington, KY 40507
800-614-1957
erik@eplo.law

By:

J. BRANDON McWHERTER (MS Bar #105244)
McWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
brandon@msb.law

By:

T. Joseph Snodgrass
SNODGRASS LAW LLC
100 South Fifth Street, Suite 800
Minneapolis, MN 55402
612-339-1421
jsnodgrass@snodgrass-law.com

***Counsel for Plaintiff and
Putative Class
Representative***

44

DocuSign Envelope ID: 70131532-93DF-4C9A-AE8D-011089EABDDE

By: _____

Jerry Brumfield
State Auto Insurance Companies
518 East Broad Street
Columbus, OH 43215
jerry.brumfield@stateauto.com

**Representative for State Auto Property and Casualty Company**

By: _____

MARK L. HANOVER (IL Bar #6216201)
(admitted *pro hac vice*)
DENTONS US LLP
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-8000
mark.hanover@dentons.com

**Counsel for State Auto Property and Casualty Company**

45

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CEDARVIEW MART, LLC**, individually and
on behalf all others similarly situated,

        Plaintiff,

        v.

**STATE AUTO PROPERTY**
**AND CASUALTY COMPANY**,

        Defendant.

Case No. 3:20-cv-00107-NBB-RP
Hon. Neal B. Biggers

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Plaintiff Cedarview Mart, LLC ("Plaintiff"), on behalf of itself and each of the Class

Members, and Defendant State Auto Property and Casualty Company ("Defendant") all acting by

and through their respective counsel, have agreed, subject to Court approval, to settle this litigation

upon the terms and conditions stated in the Class Action Stipulation of Settlement Agreement

("Agreement") filed with the Court on March 4, 2022. Plaintiff and Class Counsel have filed an

Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement

Class, and Scheduling a Final Approval Hearing (the "Motion").[1]

Upon considering the Motion and exhibits thereto, the Agreement and exhibits thereto, the

record in these proceedings, the representations and recommendations of counsel, and the

requirements of law, it is HEREBY ORDERED THAT:

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to
them in the Agreement.

1.     The Agreement entered into by and among Plaintiff and Defendant was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing.

2.     The Agreement is hereby incorporated by reference in this Order and all terms defined in the Agreement will have the same meanings in this Order.

3.     The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure ("Rule") 23(e) factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23.  The following Settlement Class is certified for settlement purposes only.

All Class Members within the Mississippi Settlement Class or the Illinois, Kentucky, Ohio, and Tennessee Settlement Class (except for those explicitly excluded below), which are defined as follows:

"Mississippi Settlement Class" means all policyholders, (except for those explicitly excluded below), under any property insurance policy issued by State Auto, who made:  (i) a Structural Loss claim for property located in the State of Mississippi between April 2, 2017 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Illinois, Kentucky, Ohio, and Tennessee Settlement Class" means all policyholders, (except for those explicitly excluded below), under:  (A) any property insurance policy with a one-year suit limitation issued by State Auto, who made:  (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2019 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible; or (B) any property insurance policy with a two-year suit limitation issued by State Auto, who made:  (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2018 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

120356713\V-6

The Settlement Class does not include: (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor;" (ii) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without an ACV Payment for any reason other than that the ACV payment was not made solely because the withholding of Nonmaterial Depreciation caused the loss to drop below the applicable deductible; (iv) Policyholders where no Xactimate estimate was generated by State Auto; (v) State Auto and its officers and directors; (vi) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (vii) Class Counsel and their immediate families.

4. Plaintiff is preliminarily appointed as representative of the Settlement Class ("Representative Plaintiff") and the Court finds that the following attorneys for Plaintiff satisfy the adequacy requirement of Rule 23, and appoints such as counsel for the Settlement Class ("Class Counsel"):

Erik D. Peterson
ERIK PETERSON LAW OFFICES, PSC
249 E. Main St.
Suite 150
Lexington, KY 40507
Telephone: 800-614-1957
erik@eplo.law

James Brandon McWherter
MCWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: 615-354-1144
Facsimile: 731-664-1540
brandon@msb.law

T. Joseph Snodgrass
SNODGRASS LAW LLC
100 South Fifth Street
Suite 800
Minneapolis, MN 55402
Telephone: 612-339-1421
jsnodgrass@snodgrass-law.com

5. If final approval of the Proposed Settlement is not granted, this Order, including the preliminary certification of the Settlement Class and the preliminary appointment of the Representative Plaintiff and Class Counsel, shall be automatically vacated. If the Agreement is

terminated, disapproved, or materially altered in whole or in part by the Court, any appellate court(s), or any other court of review, or if the Agreement is terminated as provided in Paragraphs 14.1-14.2 of the Agreement; the Agreement or any provision of the Agreement or the fact of the Agreement having been made, shall not be admissible or entered into evidence, referenced or cited for any purpose whatsoever and shall not be subject to discovery as provided in Paragraph 14.4 of the Agreement.

6.     Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither Representative Plaintiff nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against State Auto that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Agreement.  Accordingly, the Court hereby preliminarily enjoins Representative Plaintiff and any Class Member who has not opted out from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

7.     Epiq Class Action & Claims Solutions, Inc. is preliminarily appointed to serve as the third-party administrator (the "Administrator") for the Proposed Settlement and to perform such duties as may be ordered by this Court pursuant to the terms of the Agreement.

8.     The Parties have prepared the Class Notice, Claim Form, and Postcard Notice which have been submitted to the Court as Exhibits B, C, and E to the Agreement.  As set forth herein, the Court has reviewed and approved these forms.  Counsel for the Parties, along with

the Administrator, are authorized to complete any missing information and to make any non-substantive revisions to these documents, as necessary to fulfill the purposes of the Agreement.

9.      As soon as practicable after the entry of this Order, but in any event no more than thirty (30) days after entry of this Order, Defendant shall conduct a reasonable search of its records and provide to the Administrator for each Person reasonably believed to be a potential Class Member, the following information, if reasonably available:  full name, last known mailing address, date of Covered Loss during the Class Period, policy number, claim number for the Covered Loss, as well as any other information reasonably required to administer the Settlement.

10.      Prior to mailing the Class Notice and Claim Form, the Administrator will run these addresses through the National Change of Address Database for a more current name and/or address for each potential Class Member.

11.      Upon completion of the updating efforts, the Administrator shall use its best efforts to complete the mailing of the Class Notice and Claim Form to potential Class Members not less than seventy-five (75) days prior to the Final Approval Hearing.

12.      If any Class Notice and/or Claim Form mailed to any potential Class Member is returned to the Administrator as undeliverable, the Administrator will promptly log each Class Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Defendant's Counsel and Class Counsel, as requested.  If such a mailing is returned with a forwarding address, the Administrator will forward the returned mailing to that address.  For other returned mailings, the Administrator will run the name and address one time through a single commercial database chosen by the Administrator, and should the commercial database show a more current address, the Administrator shall re-mail the returned Class Notice and Claim Form to the more current address.

120356713\V-6

13.     No later than thirty (30) days before the Claim Deadline, the Administrator shall mail a reminder Postcard Notice in the form attached as Exhibit E, containing the following information:  the Claim Form submission deadline, the Settlement Website, and how to request a copy of the Claim Form.  The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class.

14.     The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances, and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts to do so shall be required.  Upon request, Defendant and the Administrator shall provide Class Counsel reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

15.     In addition to the Class Notice, Claim Form, and Postcard Notice mailed in accordance with the proceeding paragraphs, the Administrator shall establish an automated Toll-free Number that will contain information about the Settlement, including information about how to obtain a Claim Form.  The Administrator shall also establish a Settlement Website containing:  the Agreement, this Order, the Class Notice, the Claim Form, and Spanish translations of the Class Notice and Claim Form.  A completed Claim Form may also be uploaded and submitted on the Settlement Website.

16.     At or before the Final Approval Hearing, the Parties shall file a proof of mailing the Class Notice, Claim Form, and Postcard Notice from the Administrator.

17.     The Court preliminarily finds that the individual mailed distribution of the Class Notice, Claim Form, and Postcard Notice under the terms and in the format provided for in this

Order, together with the establishment of an automated Toll-free Number and Settlement Website constitutes the best practicable notice under the circumstances; is reasonably calculated to apprise all potential Class Members who can be identified through reasonable effort of: the pendency of the Action, this Agreement, and the Final Approval Hearing; and meets the requirements of Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

18.     The Court finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 *et seq.*, have been or will be sent and that Defendant has fully complied or will fully comply with such notice requirements.

19.     The costs of providing notice and effectuating all other settlement administration shall be borne by Defendant as provided in the Agreement.

20.     On _____, 2022 at ___:___ [a.m./p.m.] a date which is not less than one hundred and twenty (120) days after entry of this Order, at the United States Courthouse, Oxford, Mississippi or at the sole discretion of the Court, via telephone or video conference to accommodate any restrictions relating to the Covid 19 pandemic, the Court shall hold a Final Approval Hearing to determine, *inter alia*:

(a)     whether the Agreement for this Action should be approved as fair, reasonable and adequate;

(b)     whether this Action should be certified as a class action for settlement purposes only;

(c)     whether this Action should be dismissed with prejudice pursuant to the terms of the Agreement;

(d)     whether Class Members should be bound by the provisions in the Agreement, including the releases set forth in the Agreement;

(e)     whether Class Members (who have not opted out), whether acting individually or together, should be permanently enjoined from instituting, maintaining,

120356713\V-6

prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims;

(f)     whether Class Counsel's application for an award of attorneys' fees and expenses and the Representative Plaintiff' request for a service award should be approved; and

(g)     objections, if any, made to the Proposed Settlement or any of its terms.

21.     Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the Class Members. Any rescheduled date for the Final Approval Hearing will be posted on the Settlement website.

22.     All briefs and materials in support of an order for final approval and judgment and for a service award to the Representative Plaintiff and payment to Class Counsel for its attorneys' fees and costs shall be filed with this Court no later than seven (7) days prior to the Final Approval Hearing.

23.     Class Members who wish to opt out from the Settlement Class must mail the Administrator a written request for exclusion, pursuant to the instructions in the Agreement and on the Settlement Website, postmarked no later than thirty (30) days prior to the Final Approval Hearing.

24.     All Class Members who do not request exclusion in the manner set forth in the Agreement shall be bound by all proceedings, orders, and judgments in the Action, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that Defendant, in their sole discretion, may allow a potential Class Member who does not timely request exclusion from the Settlement Class to opt out up to and including the date of the Final Approval Hearing.

25.     Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement by filing with the Clerk of the Court and mailing a copy to the

8

Administrator a written notice of intent to object as provided in the Agreement, postmarked no later than thirty (30) days before the Final Approval Hearing. Any Class Member who does not file and mail a timely and complete written notice of intent to object in accordance with the instructions in the Agreement and on the Settlement Website waives the right to object or to be heard at the Final Approval Hearing and is barred from objecting to the Proposed Settlement.

26. The Administrator shall provide Defendant's Counsel and Class Counsel with copies of any and all objections or opt out forms received by the Administrator.

27. At or before the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator providing: (i) the number of Class Members who timely excluded themselves from the Settlement Class, (ii) the number of Class Members who timely submitted an objection to the Proposed Settlement, and (iii) the identity of all individuals within the proceeding sections (i) and (ii).

28. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Agreement as Exhibit C, requesting Claim Settlement Payment in accordance with the terms of the Agreement.

29. Any Class Member who has not submitted a timely, complete opt out request and who has returned a timely, complete Claim Form may receive a settlement check according to the terms of the Agreement, if the Effective Date occurs.

30. Pending final determination as to whether the Agreement should be approved, all other motions, deadlines, and proceedings pending in this Action and not contemplated herein and in the Agreement are hereby stayed.

31. This Order shall not be construed or used as an admission, concession or declaration by or against State Auto of any fault, wrongdoing, breach or liability, or of the

9

appropriateness of certifying a class for litigation purposes. Nor shall the Order be construed or used as an admission, concession or declaration by or against the Representative Plaintiff or Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

32.     Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Agreement into evidence in support of Court approval of same, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, or to enforce the Agreement after Court approval including the payment requirements thereunder.

33.     The Proposed Settlement is hereby preliminarily approved as fair, reasonable, adequate, and in the best interest of the Class Members. The Parties and the Administrator are directed to implement the terms of the Proposed Settlement in accordance with the Agreement.

34.     Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.


IT IS SO ORDERED, this _ day of ____, 2022.

/s/ _____

Judge Neal B. Biggers

# EXHIBIT B

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

*Cedarview Mart, LLC v. State Auto Prop. & Cas. Co.*, No. 3:20-cv-00107-NBB-RP

# NOTICE OF CLASS ACTION SETTLEMENT

**A federal court authorized this Class Notice. This is not an advertisement or a solicitation.**

### PLEASE READ THIS CLASS NOTICE IN ITS ENTIRETY

**If your Illinois, Kentucky, Mississippi, Ohio, and/or Tennessee home was insured by State Auto Property and Casualty Company; State Automobile Mutual Insurance Company; State Auto Insurance Company of Ohio; Milbank Insurance Company; or Meridian Security Insurance Company (collectively, "State Auto") and you made a claim to State Auto for structural damage to your property between April 2, 2017 through February 16, 2021, this class action settlement may affect your rights.**

- A Proposed Settlement has been reached in a class action about whether Defendant properly deducted Nonmaterial Depreciation when adjusting certain Structural Loss claims in Illinois, Kentucky, Mississippi, Ohio, and Tennessee.

- You may qualify for payment if you timely submit a valid Claim Form. Your legal rights are affected whether you act, or do not act. Please read this Class Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment if you qualify. |
| ASK TO BE EXCLUDED | You get no payment. This is the only option that allows you to ever be part of any other lawsuit against State Auto over the legal claims in this case. |
| OBJECT | Write to the Court about why you do not agree with the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the Settlement. |
| DO NOTHING | You get no payment. You give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Class Notice.

- The Court still has to decide whether to approve the Settlement. If it does, and if any appeals are resolved in favor of the Settlement, then money will be distributed to those who timely submit a valid Claim Form and qualify for payment. Please be patient.

Para una notificación en Español, llamar o visitar nuestro sitio web

| WHAT THIS NOTICE CONTAINS |
|---|

NOTICE OF CLASS ACTION SETTLEMENT .................................................................. 1

BASIC INFORMATION ............................................................................................. 3

   1.   Why was this Class Notice issued?.................................................. 3
   2.   What is this lawsuit about? ............................................................ 3
   3.   Why is this a class action? ............................................................ 3
   4.   Why is there a settlement? ............................................................ 3

WHO IS IN THE SETTLEMENT?............................................................................... 3

   5.   How do I know if I am part of the Settlement?.............................. 3
   6.   Are there exceptions to being included?........................................ 5
   7.   I am still not sure I am included. ................................................... 5

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY................................ 5

   8.   How much will payments be?........................................................ 5

HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM ........................................ 6

   9.   How can I get a payment?.............................................................. 6
   10.  When will I get my payment? ....................................................... 6
   11.  What am I giving up to get a payment or stay in the Settlement Class?.......................... 6

EXCLUDING YOURSELF FROM THE SETTLEMENT ..................................................... 6

   12.  How do I get out of the Settlement?.............................................. 6
   13.  If I do not exclude myself, can I sue State Auto for the same thing later? ................... 7
   14.  If I exclude myself, can I get a payment from this Settlement?.................................. 7

THE LAWYERS REPRESENTING YOU ........................................................................ 7

   15.  Do I have a lawyer in this case?.................................................... 7
   16.  How will the lawyers be paid? ..................................................... 7

OBJECTING TO THE SETTLEMENT ......................................................................... 7

   17.  How do I tell the Court if I do not agree with the Settlement? ..................................... 7
   18.  What is the difference between objecting and asking to be excluded?........................... 8

THE COURT'S FINAL APPROVAL HEARING................................................................ 8

   19.  When and where will the Court decide whether to approve the Settlement? ................. 8
   20.  Do I have to come to the hearing?................................................ 9
   21.  May I speak at the hearing?......................................................... 9

IF YOU DO NOTHING .......................................................................................... 9

   22.  What happens if I do nothing at all? ............................................ 9

GETTING MORE INFORMATION .............................................................................. 9

   23.  How do I get more information about the Settlement?................................................ 9

**QUESTIONS? CALL _____ TOLL FREE, OR VISIT www._____**

# BASIC INFORMATION

| 1. Why was this notice issued? |
| --- |

A court authorized this Class Notice because you have a right to know about the Proposed Settlement of this class action, including the right to claim money, and about your options regarding this Settlement, before the Court decides whether to give "Final Approval" to the Settlement. If the Court approves the Parties' Class Action Stipulation of Settlement Agreement ("Agreement"), and if any appeals are resolved in favor of the Settlement, then payments will be made to those who qualify and timely submit a valid Claim Form. This Class Notice explains this Action, the Settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

The United States District Court for the Northern District of Mississippi, Oxford Division is overseeing this class action. The case is known as *Cedarview Mart, LLC v. State Auto Prop. & Cas. Co.*, No. 3:20-cv-00107-NBB-RP. The person who sued is called the "Plaintiff," and the company it sued is called the "Defendant."

| 2. What is this lawsuit about? |
| --- |

The lawsuit claims that Defendant improperly deducted Nonmaterial Depreciation when adjusting some Illinois, Kentucky, Mississippi, Ohio, and Tennessee Structural Loss claims under Illinois, Kentucky, Mississippi, Ohio, and Tennessee property insurance policies.

Defendant has denied all allegations that it acted wrongfully or unlawfully.

| 3. Why is this a class action? |
| --- |

In a class action, the person called the "Representative Plaintiff" (in this case, Cedarview Mart, LLC) sues on behalf of people who have similar claims. All of these people are "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

| 4. Why is there a settlement? |
| --- |

The Court did not finally decide all issues in the case, but it has rendered important rulings. After these rulings, both sides agreed to settle. By settling, the Parties avoid the cost of a trial and potentially an appeal, and the people who qualify will get compensation. The Representative Plaintiff and its attorneys think the Settlement is best for all Class Members. The Settlement does not mean that State Auto did anything wrong, no trial has occurred, and no merits determinations have been made.

# WHO IS IN THE SETTLEMENT?

To see if you are eligible for benefits from this Settlement, you first have to determine if you are a Class Member.

| 5. How do I know if I am part of the Settlement? |
| --- |

If you received this Class Notice, then you have been identified as someone who is possibly a Class Member. The Settlement Class includes the following:

> All Class Members within the Mississippi Settlement Class or the Illinois, Kentucky, Ohio, and Tennessee Settlement Class (except for those explicitly excluded below), which are defined as follows:

**QUESTIONS? CALL _____ TOLL FREE, OR VISIT www._____**

"Mississippi Settlement Class" means all policyholders, (except for those explicitly excluded below), under any property insurance policy issued by State Auto, who made: (i) a Structural Loss claim for property located in the State of Mississippi between April 2, 2017 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Illinois, Kentucky, Ohio, and Tennessee Settlement Class" means all policyholders, (except for those explicitly excluded below), under: (A) any property insurance policy with a one-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2019 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible; or (B) any property insurance policy with a two-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2018 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"ACV Payment" is calculated by estimating the replacement cost value of the covered damage for a Structural Loss claim and subtracting the estimated Depreciation, including Nonmaterial Depreciation, and any applicable deductible.

"Class Period" means the following time periods:

For Structural Loss claims made under property insurance policies issued in the State of Mississippi, the Class Period is: April 2, 2017 through February 16, 2021;

For Structural Loss claims made under property insurance policies issued in the States of Illinois, Kentucky, Ohio, or Tennessee with a one-year suit limitation clause, the Class Period is: April 2, 2019 through February 16, 2021;

For Structural Loss claims made under property insurance policies issued in the States of Illinois, Kentucky, Ohio, or Tennessee with a two-year suit limitation clause, the Class Period is: April 2, 2018 through February 16, 2021.

"Nonmaterial Depreciation" means Depreciation of labor costs, overhead and profit, and/or other non-material items included within Xactimate® estimating software, and specifically including Depreciation resulting from the application of either the "depreciate removal," "depreciate non-material," and/or "depreciate O&P" depreciation option settings.

"Structural Loss" means physical damage to a home, building, manufactured home, condo, rental dwelling, or other structure located in the State of Illinois, Kentucky, Mississippi, Ohio, or Tennessee while covered by a commercial property, homeowners residential, manufactured home, condo, dwelling, or rental property insurance policy issued by State Auto.

## 6.   Are there exceptions to being included?

Excluded from the Settlement Class are: (a) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor;" (b) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (c) policyholders whose claims were denied or abandoned without an ACV Payment for any reason other than that the ACV payment was not made solely because the withholding of Nonmaterial Depreciation caused the loss to drop below the applicable deductible; (d) Policyholders where no Xactimate estimate was generated by State Auto; (e) State Auto and its officers and directors; (f) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (g) Class Counsel and their immediate families (collectively, "Exclusions").

## 7.   I am still not sure I am included.

If you are not sure whether you are included in the Settlement Class, you may call the toll-free number _____ or visit www._____.com

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

## 8.   How much will payments be?

Under the Settlement, Defendant has agreed to pay Class Members as follows:

(a) Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, Claim Settlement Payments for members of the Kentucky Settlement Class, Mississippi Settlement Class, Ohio Settlement Class and Tennessee Settlement Class who timely file valid and completed Claim Forms by ___, shall be equal to 105% of the net estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible, determined as described herein;

(b) For Class Members identified under subsection (a) for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, payment shall be according to the below schedule:

| Amount of nonmaterial released depreciation: | Settlement Payment: |
| --- | --- |
| $1 - $5,000 | $25 |
| $5,001 - $10,000 | $50 |
| $10,001 - $20,000 | $100 |
| $20,001 - $40,000 | $200 |
| $40,001 - $60,000 | $300 |
| $60,001 - $80,000 | $400 |
| Greater than $80,000 | $500 |

(c) For members of the Illinois Settlement Class, Defendant will pay 80% of the amounts set forth in Sections (a) and (b) above.

# HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

| 9. How can I get a payment? |
|---|

To find out whether you are eligible for a payment, you must complete and return a truthful and accurate Claim Form.  A copy of the Claim Form accompanies this Class Notice.

To return your Claim Form, you can either mail your Claim Form or upload your Claim Form online.

If you want to mail your completed Claim Form, your Claim Form must be postmarked no later than ___, and mailed to the following address:

_____
_____
_____

If you want to upload your Claim Form, you can upload your Claim Form to the Settlement Website at www._____.com before midnight Central Daylight Time on ___.

You may obtain an additional Claim Form by calling the Administrator at ____ or by visiting www._____.com.  If you sign a Claim Form as a representative of a Class Member you must also submit written proof that you are a Legally Authorized Representative.

| 10. When will I get my payment? |
|---|

If the Court grants "Final Approval" of the Settlement, and if any appeals are resolved in favor of the Settlement, then payment will be mailed to eligible Class Members after the claims administration process is completed.  This process can take time, so please be patient.

| 11. What am I giving up to get a payment or stay in the class? |
|---|

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue State Auto and the Released Persons over the claims settled in this Action . It also means that all of the Court's orders will apply to you and legally bind you.

If you submit a Claim Form, or simply stay in the Settlement Class, you will agree to release all "Released Persons" of all "Released Claims."  "Released Persons" and "Released Claims" are defined in the Agreement, which you can request a copy of by calling _____, or you can view the Agreement at www._____.com.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and/or if you want to keep the right to individually sue State Auto about the issues in this Action, then you must take steps to get out of the Settlement.  This is called excluding yourself from—or "opting out" of—the Settlement Class.

| 12. How do I get out of the Settlement? |
|---|

To exclude yourself from the Settlement, you must mail a letter to the Administrator requesting to be excluded from the Settlement of *Cedarview Mart, LLC v. State Auto Prop. & Cas. Co.*, No. 3:20-cv-00107-NBB-RP. Your letter must include: your full name, address, and be signed.

**QUESTIONS? CALL _____ TOLL FREE, OR VISIT www._____**

US_ACTIVE\120364599\V-8

You must mail your request for exclusion postmarked by ___, to:

_____

_____

_____

More instructions are in the Agreement available at www._____.com. You cannot exclude yourself by phone, email, or on the Settlement Website. The right to exclude yourself from the Proposed Settlement must be exercised individually, not as a member of a group and, except for a deceased or incapacitated Class Member, not by another person acting or purporting to act in a representative capacity. If you request exclusion as the representative of a Class Member, you must also submit written proof that you are the Legally Authorized Representative.

| 13. | If I do not exclude myself, can I sue State Auto for the same thing later? |

No. Unless you exclude yourself, you give up any right to sue State Auto for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to sue State Auto over the claims resolved by this Settlement.

| 14. | If I exclude myself, can I get a payment from this Settlement? |

No. If you exclude yourself, you will not receive a payment from this Settlement.

## THE LAWYERS REPRESENTING YOU

| 15. | Do I have a lawyer in this case? |

The Court appointed the following law firms to represent you and other Class Members as "Class Counsel": Erik Peterson of Erik Peterson Law Offices, PSC; Brandon McWherter of McWherter Scott Bobbitt PLC; and Thomas Snodgrass of Snodgrass Law LLC. You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and potentially have that lawyer appear in court for you in this case, you may hire one at your own expense.

| 16. | How will the lawyers be paid? |

Class Counsel will ask the Court for up to $1,129,722 for attorneys' fees and reimbursement of their expenses and will ask the Court to award the Representative Plaintiff up to $7,500 for representing the Settlement Class. Defendant has agreed not to oppose the request for fees and expenses up to the above referenced amounts. The Court may award less than the above amounts. Defendant will separately pay the fees and expenses the Court orders. These payments will not reduce the amount distributed to Class Members. Defendant will also separately pay the costs to administer the Settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court if you do not agree with the Settlement or some part of it.

| 17. | How do I tell the Court if I do not agree with the Settlement? |

If you do not want the Court to approve the Settlement you must file a written objection in the case with the Clerk of the Court and mail a copy to the Administrator by the deadline noted below. You must include: (i) the name of the case (*Cedarview Mart, LLC v. State Auto Prop. & Cas. Co.*); (ii) case number (No. 3:20-cv-00107-NBB-RP); (iii) your full name and address, (iv) the specific reasons why you object to the Settlement; and (v) whether you intend to appear at the Final Approval Hearing in person or through counsel. If you have a lawyer file an objection for you, he or she must follow all local rules, and you must list the attorney's name,

**QUESTIONS? CALL _____ TOLL FREE, OR VISIT www._____**

address, bar number, and telephone number in the written objection filed with the Court and mailed to the Administrator.

If you intend to appear at the Final Approval Hearing to object to the Settlement, you must also: (i) file with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by _____; and (ii) mail copies of the notice to Class Counsel and Defendant's Counsel, postmarked by _____. The notice must include copies of any papers, exhibits, or other evidence that you plan to present to the Court in connection with the Final Approval Hearing.

You or your lawyer may appear at the Final Approval Hearing if you have filed a written objection as provided above. The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity. If you file an objection as the representative of a Class Member, you must also submit written proof that you are a Legally Authorized Representative.

| File the written objection with the Clerk of the Court at the address below by _____. | And mail a copy of the written objection to the Administrator at the following address so that it is postmarked by _____: |
|---|---|
| **Court** | **Administrator** |
| Clerk of the Court<br>911 Jackson Avenue<br>Oxford, MS 38655 | _____<br>_____<br>_____ |

## 18. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you have no basis to object, because the case no longer affects you. If you object, and the Court approves the Settlement anyway, you will be legally bound by the result.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

## 19. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing at ___ on ___, at the United States Courthouse for the Northern District of Mississippi, located at 911 Jackson Avenue, Oxford, MS 38655. Check the Settlement Website to make sure that the location of the Final Approval Hearing has not changed, that the Final Approval Hearing has not been rescheduled, and to see whether the Court has scheduled the Final Approval Hearing to proceed via video conference or teleconference, instead of in person.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak about an objection. The Court may also decide how much to award Class Counsel for fees and expenses for representing the Settlement Class and whether and how much

to award the Representative Plaintiff for representing the Settlement Class. At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement. It is not known how long this decision will take.

| 20. Do I have to come to the hearing? |
| --- |

You are not required to attend, and Class Counsel will answer any questions that the Court may have. If you wish to attend the Final Approval Hearing, you may come at your own expense. You may also pay your own lawyer to attend, but it is not necessary, unless you choose to have a lawyer appear on your behalf to object to the Settlement.

| 21. May I speak at the hearing? |
| --- |

If you submitted a proper and timely written objection to the Settlement, you or your lawyer acting on your behalf may speak at the Final Approval Hearing. You cannot speak at the Final Approval Hearing if you exclude yourself.

## IF YOU DO NOTHING

| 22. What happens if I do nothing at all? |
| --- |

If you do nothing, you will not get any payment from this Settlement. But, unless you exclude yourself from the Settlement, you will not be able to sue State Auto for the claims resolved in this Action.

## GETTING MORE INFORMATION

| 23. How do I get more information about the Settlement? |
| --- |

This Class Notice summarizes the Proposed Settlement. More details are provided in the Agreement. If you have questions or if you want to request a copy of the Agreement call ___ or visit www.____.com.


## PLEASE DO NOT CALL OR WRITE THE COURT, THE JUDGE OR HIS STAFF, OR STATE AUTO OR DEFENDANT'S COUNSEL FOR INFORMATION OR ADVICE ABOUT THIS SETTLEMENT

# EXHIBIT C

THIS FORM MUST BE SIGNED AND RETURNED BY _____.  SEE INSTRUCTIONS BELOW.

## CLASS ACTION SETTLEMENT CLAIM FORM

Name:      <<Jane Doe>>                      Unique ID: <<XXXXXXXXXX>>
Address:   <<1234 Main Street>>              PIN: <<XXXX>>

**IMPORTANT:** **If you are a Class Member and timely complete and return this Claim Form by ___, you may receive a check.  If you do not complete the Claim Form, you will not receive any payment.**

You are receiving this Claim Form as part of a class action settlement in the case captioned, *Cedarview Mart, LLC v. State Auto Prop. & Cas. Co.*, No. 3:20-cv-00107-NBB-RP.  The records of State Auto indicate that you may be eligible for money from the Settlement, because you made an insurance claim with State Auto for property damage benefits for the claim identified below.  However, information in State Auto's records and from you may need to be reviewed to determine whether you are a Class Member, and, if so, the amount of any settlement payment to which you may be entitled if the Settlement is approved by the Court.

Please read the accompanying Class Notice before you complete this Claim Form.  To participate in this Settlement, your Claim Form must be completed to the best of your ability, signed, and then mailed or uploaded to the class action website by ___.

State Auto records reflect that the following claim for a Covered Loss[1] may be at issue in this Settlement:

Insured Name:                            <<XXXXXXXXXX>>
Policy Number:                           <<XXXXXXXXXX>>
Claim Number:                            <<XXXXXXXXXX>>
Address of Insured Premises:             <<1234 Main Street>>
Date of Loss:                            <<X/X/20XX>>

***This Claim Form applies only to the Covered Loss listed above.*** If you had more than one Covered Loss during the Class Period then you will receive separate Claim Form(s) for those losses, and you must separately complete, sign, and timely mail or upload each and every Claim Form to be eligible for payment on each of your losses in the event the Settlement is approved by the Court.

---

[1] "Covered Loss" means a first party insurance claim for Structural Loss that:  (a) occurred during the Class Period, and (b) resulted in an ACV Payment by State Auto or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Structural Loss" means physical damage to a home, building, manufactured home, condo, rental dwelling, or other structure located in the State of Illinois, Kentucky, Mississippi, Ohio, or Tennessee while covered by a commercial property, homeowners residential, manufactured home, condo, dwelling, or rental property insurance policy issued by State Auto.

All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Agreement.

> **THIS FORM MUST BE SIGNED AND RETURNED BY \_\_\_\_. SEE INSTRUCTIONS BELOW.**

*Please do not contact State Auto or your State Auto insurance agent. Your State Auto insurance agent will not have information about this Settlement, and will not be able to assist you with this Claim Form. You may, however, continue to call State Auto or your State Auto agent regarding any other insurance matter(s).*

*If you have any questions, please visit www.\_\_\_\_.com or call \_\_\_\_.*

**FOLLOW THE DIRECTIONS BELOW TO MAKE A CLAIM.**

<u>**TO MAKE A CLAIM, COMPLETE STEPS "A," "B" AND "C":**</u>

A.    **YOU ONLY NEED TO FILL IN THE FOLLOWING BLANKS IF YOUR ANSWER TO EACH PRECEDING QUESTION IS "YES":**

<u>**QUESTION 1:**</u>

Is your current mailing address different from the address listed above?

(*Leave this answer blank if the above address is your current mailing address*).

_____

_____

_____

<u>**QUESTION 2:**</u>

Is the State Auto named policyholder(s) for the claim identified above deceased or incapacitated, and you are submitting this Claim Form as the Legally Authorized Representative? If so, please state how and when you became the Legally Authorized Representative and provide a copy of any documentation you may have supporting the fact that you are the Legally Authorized Representative.

(*Leave this answer blank unless the named policyholder[s] is [are] deceased or incapacitated.*)

_____

_____

_____

<u>**QUESTION 3:**</u>

Did you assign your insurance claim identified above to a contractor, or are you a contractor who received an assignment for the insurance claim identified above? If so, please provide the name and address of the contractor to whom the insurance claim was assigned and attach a copy of the assignment. An "assignment" is an agreement that allows another party, such as a roofing contractor, to recover your insurance benefits.

**THIS FORM MUST BE SIGNED AND RETURNED BY \_\_\_\_.  SEE INSTRUCTIONS BELOW.**

If you are submitting this Claim Form as the contractor to whom a claim was assigned, by signing this Claim Form you agree to indemnify State Auto for any loss if the policyholder also files a Claim Form or disputes issuance of a Claim Settlement Payment to you.

(*Leave this answer blank if the insurance claim was not assigned to a contractor*).

_____

_____

_____

## B.    SIGN AND DATE YOUR CLAIM FORM:

I swear or affirm that:

I have read this Claim Form; I wish to make a claim associated with this Settlement; and all the information on this Claim Form is true and correct to the best of my knowledge.

_____    _____    _____
              *Signature*                                    Print Name                          Date

## C.    MAIL OR UPLOAD YOUR CLAIM FORM:

Claim Forms must be postmarked by \_\_\_\_, and mailed to:

**OR**

You may also complete this Claim Form on the Settlement Website at *www.\_\_\_\_\_.com*.  Claim Forms must be uploaded by \_\_\_.  Please have your Unique ID noted at the top of this form available to enter as part of the upload process, as well as your email address to receive a confirmation of your upload.

## CLAIMS ADMINISTRATION:

Please be patient.  You will receive a letter telling you if you qualify for a payment.  If the Settlement is approved by the Court and if you do qualify for payment under the Settlement, your check will be included with that letter.  If you do not qualify, a letter will be mailed to you explaining why.

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CEDARVIEW MART, LLC**, individually and
on behalf all others similarly situated,

        Plaintiff,

        v.

**STATE AUTO PROPERTY
AND CASUALTY COMPANY**,

        Defendant.

Case No. 3:20-cv-00107-NBB-RP
Hon. Neal B. Biggers

## [PROPOSED] FINAL JUDGMENT ORDER

Plaintiff Cedarview Mart, LLC ("Plaintiff"), individually and on behalf of the Settlement Class and Defendant State Auto Property and Casualty Company ("Defendant") agreed to settle this Action pursuant to the terms and conditions set forth in the Class Action Stipulation of Settlement Agreement ("Agreement").[1] On ___, 2022, the Court granted preliminary approval of the proposed class action settlement set forth in the Agreement and provisionally certified the Settlement Class for settlement purposes only, and on ____, 2022, the Court held a duly noticed final approval hearing.

Before the Court is Plaintiff's Motion for Final Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, and Appointment of Class Counsel, and Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Award pursuant to Federal Rule of Civil Procedure ("Rule") 23(e)(2) (collectively, the "Memoranda").

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Agreement.

The Court, having read and considered the Agreement and the Memoranda, having received evidence in advance of and at the hearing, and having heard argument by counsel, finds and holds as follows:

## FINDINGS OF FACT

1. Plaintiff filed the operative complaint, the Class Action Complaint (the "Complaint"), alleging that Defendant violated applicable law and breached its contracts by improperly deducting Nonmaterial Depreciation from actual cash value payments when adjusting Structural Loss Claims under Kentucky, Mississippi, Ohio, and Tennessee property insurance policies. Defendant has denied, and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the Complaint.

2. After litigation between the Parties and arms-length negotiations between Class Counsel and Defendant's counsel, Plaintiff and Defendant reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal of claims against State Auto.[2] The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations, and in accordance with the highest ethical standards for class action settlement negotiations, settlement relief to the class members was agreed to prior to negotiations concerning any potential award of attorneys' fees, litigation expenses, or service award. During the settlement negotiations, Class Counsel was well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

---

[2] As defined in the Settlement Agreement, State Auto means State Auto Property and Casualty Insurance Company; State Automobile Mutual Insurance Company; State Auto Insurance Company of Ohio; Milbank Insurance Company; and Meridian Security Insurance Company.

120358255\V-5

3.      Plaintiff and Defendant executed the Agreement and exhibits thereto on March 4, 2022.

4.      The Agreement is hereby incorporated by reference in this Final Judgment Order, and the definitions and terms set forth in the Agreement are hereby adopted and incorporated into and will have the same meanings in this Final Judgment Order.

5.      On March 4, 2022, Plaintiff filed with the Court the Agreement along with an Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, and Scheduling a Final Approval Hearing.

6.      On _____, 2022, the Court, entered the Preliminary Approval Order, preliminarily approving the Agreement, preliminarily certifying the Settlement Class for settlement purposes only, and scheduling a hearing for _____, 2022 at ____a.m./p.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order ("Final Approval Hearing").

7.      As part of its Preliminary Approval Order, the Court certified for settlement purposes a class ("Settlement Class") defined as:

All Class Members within the Mississippi Settlement Class or the Illinois, Kentucky, Ohio, and Tennessee Settlement Class (except for those explicitly excluded below), which are defined as follows:

"Mississippi Settlement Class" means all policyholders, (except for those explicitly excluded below), under any property insurance policy issued by State Auto, who made: (i) a Structural Loss claim for property located in the State of Mississippi between April 2, 2017 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Illinois, Kentucky, Ohio, and Tennessee Settlement Class" means all policyholders, (except for those explicitly excluded below), under: (A) any property insurance policy with a one-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois,

3

Kentucky, Ohio, or Tennessee between April 2, 2019 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible; or (B) any property insurance policy with a two-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2018 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Settlement Class does not include: (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor;" (ii) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without an ACV Payment for any reason other than that the ACV payment was not made solely because the withholding of Nonmaterial Depreciation caused the loss to drop below the applicable deductible; (iv) Policyholders where no Xactimate estimate was generated by State Auto; (v) State Auto and its officers and directors; (vi) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (vii) Class Counsel and their immediate families.

8.     On _____, 2022, Plaintiff applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment Order. In support, Plaintiff submitted extensive argument and authority, along with various exhibits and evidence showing, *inter alia*: the dissemination and adequacy of the Class Notice, Claim Form, and Postcard Notice; the establishment of an automated Toll-free Number and Settlement Website; the names of potential Class Members who, per the terms of the Agreement, submitted a timely and proper request for exclusion from the Settlement Class; the negotiation of the Agreement; the fairness, reasonableness, and adequacy of the Agreement; and the fairness and reasonableness of Class Counsel's application for fees and the service award set forth in the Memoranda.

9.     At the Final Approval Hearing, Plaintiff offered the following evidence in support of its motion concerning attorneys' fees, costs, and a service award:

120358255\V-5

| **Exhibit No.** | **Description** |
|:---:|:---|
| **1** | Declaration of_____ |
| **2** | Declaration of_____ |
| **3** | Declaration of_____ |

The Court admitted Plaintiff's Exhibits __ through __ into evidence for all purposes.

10.     Plaintiff and the Administrator have satisfactorily demonstrated that the Class Notice, Claim Form, and Postcard Notice were mailed, and an automated Toll-free Number and Settlement Website were established in accordance with the Agreement and Preliminary Approval Order.

11.     The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Defendant has fully complied with such notice requirements.

12.     The Settlement provides substantial monetary benefits to Class Members who timely submit completed Claim Forms.  In addition, Defendant has agreed to fund the costs of notice and settlement administration.  The claims procedure established under the Agreement is uniform and fair, and provides Class Members with an extended and ample opportunity to receive settlement payments as described in the Agreement.

13.     All potential Class Members were provided an opportunity to request exclusion as provided in the Agreement.  The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Settlement Class if he or she so desired.  Those Class Members who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit _.

120358255\V-5

14.     Class Members who did not timely file and serve a written objection in accordance with the procedure set forth in the Agreement and mandated in the Preliminary Approval Order, are deemed to have waived any such objection though any appeal, collateral attack, or otherwise.

15.     At the Final Approval Hearing, the Court considered, among other matters described herein:  (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) the fairness, reasonableness and the adequacy of the Agreement; and (c) the fairness and reasonableness of Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Award.  The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Defendant's Counsel, but also rigorously and independently evaluated the Agreement and the Memoranda, and as such, the Court considered any arguments that could reasonably be made against approval of the Proposed Settlement, even if such argument was not actually presented to the Court by objection, pleading, or oral argument.

16.     On the basis of the matters presented in this Action and the provisions of the Agreement, the Court is of the opinion that the Proposed Settlement is a fair, reasonable and adequate compromise of the claims against State Auto, pursuant to Rule 23.  In considering a number of factors, the Court finds that:

(a)     The liability issues in this Action and the suitability of this Action for certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

(b)     This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

(c)     The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties and arms-length negotiation, and not a result of any collusion on the part of Class Counsel and Defendant; and

(d)     Class Counsel's request for an award of fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Agreement.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## CONCLUSIONS OF LAW

17.     The Court has personal jurisdiction over Plaintiff, Defendant, and Class Members; venue is proper, because the underlying claims arose in this District, and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Agreement, to grant final certification of the Settlement Class, to settle and release all claims arising out of Action, and to enter this Final Judgment Order and dismiss this Action on the merits and with prejudice.

18.     The Court concludes that the Settlement Class meets all the requirements of Rule 23, the Due Process Clause of the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action.  In connection with the class certification ruling, the Court specifically finds as follows:  the Class Members are ascertainable and too numerous to be joined; questions of law and fact are common to all Class Members; the Representative Plaintiff's claims are typical of those of the Settlement Class; the Representative Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement; and Class Counsel meets the standard for appointment.

19.     Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, Claim Form, and Postcard Notice were mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order,

and together with the automated Toll-free Number and the Settlement Website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Action, this Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

20.     The Final Approval Hearing and evidence before the Court clearly support a finding that the Agreement was entered into in good faith after arm's length negotiations between Plaintiff and Defendant, and the Court does hereby so find.

21.     The Court finds that approval of the Agreement and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Agreement is fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

22.     A review of the following factors (the "*Reed* factors") supports a finding that the Settlement is fair, reasonable and adequate:

    a.     The absence of any fraud or collusion behind the Settlement;

    b.     The complexity, expense, and likely duration of the litigation;

    c.     The stage of the proceedings and the amount of discovery completed;

    d.     The probability of Plaintiff's success on the merits;

    e.     The range of possible recovery; and

    f.     The opinions of Class Counsel, the Representative Plaintiff, and absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *see also Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 293 (5th Cir. 2017).

23.     The notice campaign was highly successful and resulted in notice being mailed to over ___ potential Class Members; only ___ Persons requested exclusion from the Settlement Class and ___ Class Members filed objections to the Agreement.  The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

24.     The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that were filed or that could have been raised by any Class Member.  After considering all possible objections, the Court finds that the Agreement and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Reed* factors.

25.     The claim process as set forth in the Agreement is fair, reasonable, and adequate to Class Members.  Any Class Member who did not timely request exclusion from the Settlement Class in accordance with the Agreement is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

26.     Class Counsel's request for $1,129,722 in attorneys' fees and expenses and the Representative Plaintiff's service award of $7,500, to be paid by Defendant, are fair, reasonable, and adequate, based on a review of the following "*Johnson* factors":

a.     The time and labor involved;

b.     The novelty and difficulty of the questions;

c.     The skill requisite to perform the legal service properly;

d.     The preclusion of other employment by Class Counsel due to acceptance of the case;

e.     The customary fee for similar work in the community;

f.     Whether the fee is fixed or contingent;

g.    Time limitations imposed by the client or the circumstances;

h.    The amount involved and the results obtained;

i.    The experience, reputation, and ability of Class Counsel;

j.    The political undesirability of the case;

k.    The nature and length of the professional relationship with the client; and

l.    Awards in similar cases.

*See in re: £High Sulfur Content Gasoline Prod. Liab. Litig.*, 384 F. App'x 299, 300-01 (5th Cir. 2010) (applying the *Johnson* factors to evaluate reasonableness of fee award).

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

27.    The objections to the Agreement, if any, are hereby overruled.

28.    Pursuant to Rule 23 final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Agreement.

29.    Timely requests for exclusion were submitted by ____ potential members of the Settlement Class and those potential Class Members, (identified in Exhibit _ hereto), are excluded from the Settlement Class.  All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Judgment Order and by the Agreement, including the releases provided for in the Agreement and this Final Judgment Order.

30.    Plaintiff's Motion for Final Approval is hereby **GRANTED** and all provisions and terms of the Agreement are hereby finally approved in all respects.  The Parties to the Agreement are directed to consummate the Agreement in accordance with its terms, as may be modified by subsequent orders of this Court.

31.    This Final Judgment Order shall be immediately entered as to all claims in the Action between the Representative Plaintiff and Class Members and State Auto, and Final

Judgment is entered approving and adopting all terms and conditions of the Settlement and the Agreement, fully and finally terminating all claims of the Representative Plaintiff and the Settlement Class in this Action against State Auto, on the merits, with prejudice, and without leave to amend.  The Court expressly determines that there is no just reason for delay in entering the Final Judgment Order.

32.     Pursuant to Rule 23(a) and (g), Plaintiff Cedarview Mart, LLC is appointed as the Representative Plaintiff for the Settlement Class, and the following counsel are appointed as counsel for the Settlement Class ("Class Counsel"):

Erik D. Peterson                          James Brandon McWherter
ERIK PETERSON LAW OFFICES, PSC            MCWHERTER SCOTT BOBBITT PLC
249 E. Main St.                           341 Cool Springs Blvd., Suite 230
Suite 150                                 Franklin, TN 37067
Lexington, KY 40507                       Telephone:  615-354-1144
Telephone:  800-614-1957                  Facsimile:  731-664-1540
erik@eplo.law                             brandon@msb.law


T. Joseph Snodgrass
SNODGRASS LAW LLC
100 South Fifth Street
Suite 800
Minneapolis, MN 55402
Telephone:  612-339-1421
jsnodgrass@snodgrass-law.com


33.     Upon the entry of this Final Judgment Order, the Representative Plaintiff, all Class Members who did not timely and property exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Judgment Order and shall be conclusively deemed

to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the Agreement, and shall be conclusively bound by this Final Judgment Order under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiff and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Agreement. The Agreement shall be the exclusive remedy for all Class Members with regards to Released Claims.

34.     Although the definitions in the Agreement are incorporated in and are part of this Final Judgment Order the following definitions from the Agreement are repeated for ease of reference:

(a)     "Released Claims" means and includes any and all claims, Unknown Claims, rights, demands, actions, causes of action, allegations suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorneys' fees and costs, liens, and judgments, of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Period, whether ex contractu or ex delicto, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual, punitive, or/or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or under federal, state, or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, known or unknown, that the Plaintiff or any Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to: (i) Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss; or (ii) the allegations and claims contained in the Complaint in the Action, and/or which could have been alleged in the Complaint, concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of of estimating software. Released Claims do not include: (a) claims arising after the Effective Date; (b) Class Members' rights and obligations under this

Agreement; and (c) the rights of potential Class Members who timely and properly submit a request for exclusion from the Settlement Class in accordance with this Agreement.

(b) "Released Persons" means: (i) State Auto and all of its past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

(c) "Releasing Persons" mean Plaintiff and all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses or domestic partners, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

35. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment Order, the Court permanently and forever bars and enjoins the Representative Plaintiff and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

36. This Final Judgment Order, the Agreement, the negotiations leading to the Settlement, administration of the Settlement, and any pleadings, motions or other documents specifically related to the Agreement shall not be: (a) construed as an admission or concession by State Auto of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of State Auto; (b) offered into evidence in this Action in support of or in opposition to any potential motion to certify or decertify; and (c) used in any way as precedent for any purportedly similar matter

13

120358255\V-5

37.     Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Agreement into evidence for purposes of enforcing the Settlement or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion.

38.     Confidential Information of State Auto shall be protected from disclosure and handled in accordance with the terms of the Agreement, and Class Counsel and any other attorneys for Plaintiff in this Action shall destroy or return to Defendant's Counsel all Confidential Information, in their possession, custody, or control as set forth in the Agreement.

39.     Class Counsel's motion concerning attorneys' fees, litigation costs, and a service award is hereby **GRANTED**.  Pursuant to Rule 23(h), the Court awards Class Counsel the total sum of $_____ in attorneys' fees and costs.  In addition, the Court awards the Representative Plaintiff a service award of $_____.  The Court hereby finds that these amounts are fair and reasonable.  Defendant shall pay such fees and expenses to Class Counsel and the service award to the Representative Plaintiff pursuant to the terms of the Agreement.  State Auto shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

40.     Claim Settlement Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, and in the manner described in the Agreement.

41.     The Court appoints _____ as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Agreement.  Plaintiff, Class Counsel, State Auto, and Defendant's Counsel shall not be liable for any act or omission of the Neutral Evaluator.

120358255\V-5

42.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Agreement.

43.     The Action is dismissed in its entirety on the merits, with prejudice, without leave to amend, and without fees or costs to any party, except as otherwise provided herein.

44.     Without in any way affecting the finality of this Final Judgment Order, this Court shall retain continuing jurisdiction over this Action for purposes of:

(a)     Enforcing the Agreement and the Proposed Settlement;

(b)     Hearing and determining any application by any party to the Agreement for a settlement bar order; and

(c)     Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED THIS _____ DAY OF _____, 2022.

/s/ _____

Judge Neal B. Biggers

# EXHIBIT E

**IMPORTANT NOTICE** – You are receiving this notice, because you are possibly a member of a class action lawsuit involving State Auto and you have not submitted a Claim Form.

You were previously mailed a court-authorized Class Notice explaining that you may be a Class Member in this lawsuit over whether Defendant properly deducted Nonmaterial Depreciation when adjusting certain insurance claims in Illinois, Kentucky, Mississippi, Ohio, and Tennessee. Your Class Notice included a Claim Form.

**Our records indicate that you have not submitted a Claim Form.  If you fail to timely submit a Claim Form then you will not receive any payment(s).**

This is only a reminder.  For more information or details regarding the Proposed Settlement, including who is included in the Settlement Class and important deadlines, please review the Notice or the Settlement Website at please visit www._____ or call: 1-XXX-XXX-XXXX.  You may request another Claim Form by visiting the Settlement Website or calling the toll-free number above.  Please do not call your State Auto agent.

You will not receive any claim payment if you do not timely mail or upload a completed Claim Form.

Completed Claim Forms must be mailed to:

_____[insert address]_____
_____

**YOUR COMPLETED CLAIM FORM MUST BE SUBMITTED OR POSTMARKED NO LATER THAN [DATE].**