IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CEDARVIEW MART, LLC**, individually and
on behalf all others similarly situated,

       Plaintiff,

   v.                                  Case No. 3:20-cv-00107-NBB-RP

**STATE AUTO PROPERTY
AND CASUALTY COMPANY**,

       Defendant.

## PRELIMINARY APPROVAL ORDER

Plaintiff Cedarview Mart, LLC ("Plaintiff"), on behalf of itself and each of the Class Members, and Defendant State Auto Property and Casualty Company ("Defendant") all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Class Action Stipulation of Settlement Agreement ("Agreement") filed with the Court on March 4, 2022. Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, and Scheduling a Final Approval Hearing (the "Motion").[1]

Upon considering the Motion and exhibits thereto, the Agreement and exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, it is HEREBY ORDERED THAT:

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Agreement.

1.  The Agreement entered into by and among Plaintiff and Defendant was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing.

2.  The Agreement is hereby incorporated by reference in this Order and all terms defined in the Agreement will have the same meanings in this Order.

3.  The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure ("Rule") 23(e) factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The following Settlement Class is certified for settlement purposes only.

> All Class Members within the Mississippi Settlement Class or the Illinois, Kentucky, Ohio, and Tennessee Settlement Class (except for those explicitly excluded below), which are defined as follows:
>
> "Mississippi Settlement Class" means all policyholders, (except for those explicitly excluded below), under any property insurance policy issued by State Auto, who made: (i) a Structural Loss claim for property located in the State of Mississippi between April 2, 2017 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> "Illinois, Kentucky, Ohio, and Tennessee Settlement Class" means all policyholders, (except for those explicitly excluded below), under: (A) any property insurance policy with a one-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2019 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible; or (B) any property insurance policy with a two-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2018 through February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Settlement Class does not include: (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor;" (ii) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without an ACV Payment for any reason other than that the ACV payment was not made solely because the withholding of Nonmaterial Depreciation caused the loss to drop below the applicable deductible; (iv) Policyholders where no Xactimate estimate was generated by State Auto; (v) State Auto and its officers and directors; (vi) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (vii) Class Counsel and their immediate families.

4. Plaintiff is preliminarily appointed as representative of the Settlement Class ("Representative Plaintiff") and the Court finds that the following attorneys for Plaintiff satisfy the adequacy requirement of Rule 23, and appoints such as counsel for the Settlement Class ("Class Counsel"):

Erik D. Peterson
ERIK PETERSON LAW OFFICES, PSC
249 E. Main St.
Suite 150
Lexington, KY 40507
Telephone: 800-614-1957
erik@eplo.law

James Brandon McWherter
MCWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: 615-354-1144
Facsimile: 731-664-1540
brandon@msb.law

T. Joseph Snodgrass
SNODGRASS LAW LLC
100 South Fifth Street
Suite 800
Minneapolis, MN 55402
Telephone: 612-339-1421
jsnodgrass@snodgrass-law.com

5. If final approval of the Proposed Settlement is not granted, this Order, including the preliminary certification of the Settlement Class and the preliminary appointment of the Representative Plaintiff and Class Counsel, shall be automatically vacated. If the Agreement is

3

terminated, disapproved, or materially altered in whole or in part by the Court, any appellate court(s), or any other court of review, or if the Agreement is terminated as provided in Paragraphs 14.1-14.2 of the Agreement; the Agreement or any provision of the Agreement or the fact of the Agreement having been made, shall not be admissible or entered into evidence, referenced or cited for any purpose whatsoever and shall not be subject to discovery as provided in Paragraph 14.4 of the Agreement.

6. Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither Representative Plaintiff nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against State Auto that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Agreement. Accordingly, the Court hereby preliminarily enjoins Representative Plaintiff and any Class Member who has not opted out from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

7. Epiq Class Action & Claims Solutions, Inc. is preliminarily appointed to serve as the third-party administrator (the "Administrator") for the Proposed Settlement and to perform such duties as may be ordered by this Court pursuant to the terms of the Agreement.

8. The Parties have prepared the Class Notice, Claim Form, and Postcard Notice which have been submitted to the Court as Exhibits B, C, and E to the Agreement. As set forth herein, the Court has reviewed and approved these forms. Counsel for the Parties, along with

the Administrator, are authorized to complete any missing information and to make any non-substantive revisions to these documents, as necessary to fulfill the purposes of the Agreement.

9. As soon as practicable after the entry of this Order, but in any event no more than thirty (30) days after entry of this Order, Defendant shall conduct a reasonable search of its records and provide to the Administrator for each Person reasonably believed to be a potential Class Member, the following information, if reasonably available: full name, last known mailing address, date of Covered Loss during the Class Period, policy number, claim number for the Covered Loss, as well as any other information reasonably required to administer the Settlement.

10. Prior to mailing the Class Notice and Claim Form, the Administrator will run these addresses through the National Change of Address Database for a more current name and/or address for each potential Class Member.

11. Upon completion of the updating efforts, the Administrator shall use its best efforts to complete the mailing of the Class Notice and Claim Form to potential Class Members not less than seventy-five (75) days prior to the Final Approval Hearing.

12. If any Class Notice and/or Claim Form mailed to any potential Class Member is returned to the Administrator as undeliverable, the Administrator will promptly log each Class Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Defendant's Counsel and Class Counsel, as requested. If such a mailing is returned with a forwarding address, the Administrator will forward the returned mailing to that address. For other returned mailings, the Administrator will run the name and address one time through a single commercial database chosen by the Administrator, and should the commercial database show a more current address, the Administrator shall re-mail the returned Class Notice and Claim Form to the more current address.

13. No later than thirty (30) days before the Claim Deadline, the Administrator shall mail a reminder Postcard Notice in the form attached as Exhibit E, containing the following information: the Claim Form submission deadline, the Settlement Website, and how to request a copy of the Claim Form. The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class.

14. The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances, and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts to do so shall be required. Upon request, Defendant and the Administrator shall provide Class Counsel reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

15. In addition to the Class Notice, Claim Form, and Postcard Notice mailed in accordance with the proceeding paragraphs, the Administrator shall establish an automated Toll-free Number that will contain information about the Settlement, including information about how to obtain a Claim Form. The Administrator shall also establish a Settlement Website containing: the Agreement, this Order, the Class Notice, the Claim Form, and Spanish translations of the Class Notice and Claim Form. A completed Claim Form may also be uploaded and submitted on the Settlement Website.

16. At or before the Final Approval Hearing, the Parties shall file a proof of mailing the Class Notice, Claim Form, and Postcard Notice from the Administrator.

17. The Court preliminarily finds that the individual mailed distribution of the Class Notice, Claim Form, and Postcard Notice under the terms and in the format provided for in this

Order, together with the establishment of an automated Toll-free Number and Settlement Website constitutes the best practicable notice under the circumstances; is reasonably calculated to apprise all potential Class Members who can be identified through reasonable effort of: the pendency of the Action, this Agreement, and the Final Approval Hearing; and meets the requirements of Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

18. The Court finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 *et seq.*, have been or will be sent and that Defendant has fully complied or will fully comply with such notice requirements.

19. The costs of providing notice and effectuating all other settlement administration shall be borne by Defendant as provided in the Agreement.

20. On October 24, 2022, at 1:30 p.m., a date which is not less than one hundred and twenty (120) days after entry of this Order, at the United States Courthouse, Oxford, Mississippi or at the sole discretion of the Court, via telephone or video conference to accommodate any restrictions relating to the Covid 19 pandemic, the Court shall hold a Final Approval Hearing to determine, *inter alia*:

    (a)    whether the Agreement for this Action should be approved as fair, reasonable and adequate;

    (b)    whether this Action should be certified as a class action for settlement purposes only;

    (c)    whether this Action should be dismissed with prejudice pursuant to the terms of the Agreement;

    (d)    whether Class Members should be bound by the provisions in the Agreement, including the releases set forth in the Agreement;

    (e)    whether Class Members (who have not opted out), whether acting individually or together, should be permanently enjoined from instituting, maintaining,

prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims;

(f) whether Class Counsel's application for an award of attorneys' fees and expenses and the Representative Plaintiff' request for a service award should be approved; and

(g) objections, if any, made to the Proposed Settlement or any of its terms.

21. Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the Class Members. Any rescheduled date for the Final Approval Hearing will be posted on the Settlement website.

22. All briefs and materials in support of an order for final approval and judgment and for a service award to the Representative Plaintiff and payment to Class Counsel for its attorneys' fees and costs shall be filed with this Court no later than seven (7) days prior to the Final Approval Hearing.

23. Class Members who wish to opt out from the Settlement Class must mail the Administrator a written request for exclusion, pursuant to the instructions in the Agreement and on the Settlement Website, postmarked no later than thirty (30) days prior to the Final Approval Hearing.

24. All Class Members who do not request exclusion in the manner set forth in the Agreement shall be bound by all proceedings, orders, and judgments in the Action, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that Defendant, in their sole discretion, may allow a potential Class Member who does not timely request exclusion from the Settlement Class to opt out up to and including the date of the Final Approval Hearing.

25. Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement by filing with the Clerk of the Court and mailing a copy to the

Administrator a written notice of intent to object as provided in the Agreement, postmarked no later than thirty (30) days before the Final Approval Hearing. Any Class Member who does not file and mail a timely and complete written notice of intent to object in accordance with the instructions in the Agreement and on the Settlement Website waives the right to object or to be heard at the Final Approval Hearing and is barred from objecting to the Proposed Settlement.

26. The Administrator shall provide Defendant's Counsel and Class Counsel with copies of any and all objections or opt out forms received by the Administrator.

27. At or before the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator providing: (i) the number of Class Members who timely excluded themselves from the Settlement Class, (ii) the number of Class Members who timely submitted an objection to the Proposed Settlement, and (iii) the identity of all individuals within the proceeding sections (i) and (ii).

28. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Agreement as Exhibit C, requesting Claim Settlement Payment in accordance with the terms of the Agreement.

29. Any Class Member who has not submitted a timely, complete opt out request and who has returned a timely, complete Claim Form may receive a settlement check according to the terms of the Agreement, if the Effective Date occurs.

30. Pending final determination as to whether the Agreement should be approved, all other motions, deadlines, and proceedings pending in this Action and not contemplated herein and in the Agreement are hereby stayed.

31. This Order shall not be construed or used as an admission, concession or declaration by or against State Auto of any fault, wrongdoing, breach or liability, or of the

appropriateness of certifying a class for litigation purposes. Nor shall the Order be construed or used as an admission, concession or declaration by or against the Representative Plaintiff or Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

32. Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Agreement into evidence in support of Court approval of same, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, or to enforce the Agreement after Court approval including the payment requirements thereunder.

33. The Proposed Settlement is hereby preliminarily approved as fair, reasonable, adequate, and in the best interest of the Class Members. The Parties and the Administrator are directed to implement the terms of the Proposed Settlement in accordance with the Agreement.

34. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

IT IS SO ORDERED, this 1st day of June, 2022.

    /s/ Neal Biggers  
NEAL B. BIGGERS, JR.  
UNITED STATES DISTRICT JUDGE