**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CEDARVIEW MART, LLC**, individually
and on behalf of all others similarly situated,

        Plaintiff,

                                              Case No. 3:20-CV-00107-NBB-RP

        v.

**STATE AUTO PROPERTY AND**
**CASUALTY COMPANY,**

        Defendants.

---

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

---

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiff Cedarview

Mart, LLC, on behalf of itself and the proposed Settlement Class ("Plaintiff"), respectfully moves

for an order certifying this case as a class action solely for purposes of settlement, and further

ordering final approval in accordance with the terms and conditions set forth in the proposed Final

Approval Order attached as Exhibit D to the parties' Class Action Stipulation of Settlement filed

with the Court on March 4, 2022 (Dkt. 55-1, PageID.685). Defendant State Auto Property and

Casualty Company ("Defendant") does not oppose this motion for approval of a settlement.[1]

For purposes of final approval of settlement, the parties seek final certification of the

following Settlement Classes provisionally certified by the Court on June 1, 2022:

> "Mississippi Settlement Class" means all policyholders, (except for those explicitly
> excluded in Section 2.31), under any property insurance policy issued by State
> Auto, who made:  (i) a Structural Loss claim for property located in the State of

---

[1] As Paragraphs 1.13 and 15.1 of the Settlement make clear, however, Defendant denies liability and absent settlement intends to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

Mississippi between April 2, 2017 and February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Illinois, Kentucky, Ohio, and Tennessee Settlement Class" means all policyholders, (except for those explicitly excluded in Section 2.31), under: (A) any property insurance policy with a one-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2019 and February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible; or (B) any property insurance policy with a two-year suit limitation issued by State Auto, who made: (i) a Structural Loss claim for property located in the States of Illinois, Kentucky, Ohio, or Tennessee between April 2, 2018 and February 16, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Settlement Class does not include: (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, i.e., by express use of the words "depreciation" and "labor;" (ii) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without an ACV Payment; (iv) policyholders whose claims State Auto calculated ACV without the use of Xactimate; (v) State Auto and its officers and directors; (vi) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (vii) Class Counsel and their immediate families.

Dkt. 57, PageID.761-762.

In support of this unopposed Motion, Plaintiff submits the following:

1.      To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present

intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for final approval of a settlement class are satisfied.

2.      Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes at least 14,876 potential Settlement Class Members.

3.      Commonality under Rule 23(a)(2) is satisfied for the proposed settlement class because there are questions of law or fact common to all members of the proposed classes including but not limited to the single, predominating question presented—whether State Auto can withhold labor as depreciation under its insurance policies for structural insurance claims. Plaintiff's and the putative class members' entitlement to prejudgment interest also presents a common issue.

4.      Typicality under Rule 23(a)(3) is satisfied for the proposed settlement class because Plaintiff and the putative class members made claims under their standard-form insurance policy, and Defendant withheld labor or other non-materials in making an actual cash value payment to them. The proposed class representative's claims arose from the underpayment of its actual cash value claims, and its claims are identical in all material respects to the claims of the putative class.

5.      Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiff has fairly and adequately represented and protected the interests of the putative class. Plaintiff has no interest that conflict with those of the proposed class. Further, Plaintiff retained experienced counsel competent and experienced in class action and insurance litigation.

6.      As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be

withheld as depreciation under State Auto's policies. Superiority is satisfied for the settlement class because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7.      Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving party demonstrates that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

8.      Pursuant to Rule 23(e)(3), Plaintiff states that the only agreement at issue is the Class Action Stipulation of Settlement filed with the Court on March 4, 2022. Dkt. 55-1, PageID.611.

9.      Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Fifth Circuit. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n.11 (5th Cir. 2012); *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

10.     As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for final approval.  In summary, the Settlement provides the following categories of relief:

> **Mississippi, Kentucky, Ohio and Tennessee Settlement Class Members With Still Withheld Nonmaterial Depreciation**: Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, members of the Mississippi Settlement Class, Kentucky Settlement Class, Ohio Settlement Class and Tennessee Settlement Class from whom Nonmaterial Depreciation was withheld and not subsequently recovered, and who submit a timely filed Claim Form, will receive a payment equal to

105% of the net estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, or that would have resulted in an ACV Payment, but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

**Kentucky, Mississippi, Ohio and Tennessee Settlement Class Members Without Still Withheld Nonmaterial Depreciation**: Mississippi, Kentucky, Ohio and Tennessee Class Members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid (*i.e.*, through receipt of replacement cost benefits) will receive a one-time payment calculated according to the below schedule:

| Amount of nonmaterial released depreciation: | Settlement Payment: |
|---|---|
| $1 - $5,000 | $25 |
| $5,001 - $10,000 | $50 |
| $10,001 - $20,000 | $100 |
| $20,001 - $40,000 | $200 |
| $40,001 - $60,000 | $300 |
| $60,001 - $80,000 | $400 |
| Greater than $80,000 | $500 |

**Illinois Settlement Class Members**: For members of the Illinois Settlement Class, State Auto will pay 80% of the amounts set forth above.

11.     Attorneys' fees, costs, litigation expenses and/or service award are to be paid separately by Defendant and will *not* reduce the amount of any Class Member's recovery.

12.     The proposed settlement classes do not include any policyholder that is ineligible for a payment under this Settlement Agreement.  In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit (*i.e.*, the systemic practice of withholding of nonmaterial depreciation) and without giving up any claims or arguments unrelated to the subject matter of this lawsuit. All unrelated matters will continue to be adjusted and handled by Defendant in the ordinary course.

13.     The settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the accompanying Declarations, attached hereto as follows:

**Exhibit 1** – October 17, 2022 Declaration of Erik D. Peterson

**Exhibit 2** – October 17, 2022 Declaration of J. Brandon McWherter

**Exhibit 3** – October 17, 2022 Declaration of T. Joseph Snodgrass

14.     The deadlines to object and/or opt-out expired on September 26, 2022. To date, **no** Class Member has objected to any aspect of the Settlement. Out of 14,876 potential Class Members receiving notice, only 6 have submitted written requests for exclusion. *See generally* Declaration of Michelle M. La Count Regarding Notice and Settlement Administration, filed concurrently herewith.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum, Plaintiffs respectfully move for an order consistent with the proposed Final Approval Order previously filed with the Court. Dkt. 55-1, PageID.685.

Dated: October 17, 2022                                  Respectfully submitted,

ERIK PETERSON LAW OFFICES, PSC

*/s/Erik D. Peterson*
Erik D. Peterson (*pro hac vice*)
249 E. Main St., Suite 150
Lexington, KY 40507
Tel: (800) 614-1957
erik@eplo.law

J. Brandon McWherter (MS Bar #105244)
MCWHERTER SCOTT BOBBITT, PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Tel: (615) 354-1144
Fax: (731) 664-1540
brandon@msb.law

T. Joseph Snodgrass (*pro hac vice*)
SNODGRASS LAW LLC
Fifth Street Towers
100 South Fifth Street, Suite 800
Minneapolis, MN 55402

Tel: (612) 448-2600
jsnodgrass@snodgrass-law.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the Court's Case Management Electronic Case Files (CM/ECF) system, which served a copy to all counsel of record.

*/s/Erik D. Peterson*